UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD FINANCIAL LLC, a Delaware limited liability company, and subsidiary of ROBINHOOD MARKETS, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:19-cv-00390<br><br>**NOTICE OF REMOVAL (CLASS ACTION FAIRNESS ACT)**<br><br>Spokane County Superior Court Case No. 19-2-04574-9 |

TO:  Clerk, United States District Court for the Eastern District of Washington;

AND TO:  Plaintiff Isaac Gordon and his counsel of record

Defendants Robinhood Financial LLC ("Robinhood Financial") and Robinhood Markets, Inc. ("Robinhood Markets), hereby give notice that they are removing the above-captioned cause, originally filed in the Superior Court for Spokane County, Cause No. 19-2-04574-32, to the United States District Court for the Eastern District of Washington. Defendants remove the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 on the grounds set forth below.

NOTICE OF REMOVAL - 1
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1. On October 14, 2019, Plaintiff Isaac Gordon, acting individually and on behalf of a purported class of persons he seeks to represent, served the Complaint and Summons on Robinhood Financial's registered agent, Incorporating Services, Ltd.  Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A.  The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Robinhood Financial.  *See* 28 U.S.C. § 1446(a).

2. On October 16, 2019, Plaintiff served the Complaint and Summons on Robinhood Markets' registered agent, Incorporating Services, Ltd.  Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit B.  The documents that comprise Exhibit B constitute all process, pleadings, and orders served upon Defendant Robinhood Markets.  *See* 28 U.S.C. § 1446(a).

3. Removal of this action is therefore timely because Defendants filed this Notice of Removal within 30 days after the service of the Summons and Complaint.  *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

4. The removal of this action terminates all proceedings in Spokane County Superior Court.  *See id.*

5. Defendants remove this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendants (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## Proposed Class Action

6. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 1.2,

NOTICE OF REMOVAL - 2
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

4.1-4.6, 7.1 (Ex. A), and he appears to seek certification of the putative class under Washington Rules of Civil Procedure 23(a) and (b)(3) (*id.* ¶¶ 4.5-4.6). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332 (d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

## **Minimal Diversity**

7. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

8. As alleged in the Complaint, Plaintiff is a resident of Washington. Compl. ¶ 2.1. Plaintiff seeks to represent a class that comprises the following: "(a) all persons . . . (b) who are Washington residents; (c) to whom the Defendants initiated or assisted in the transmission of one or more commercial electronic messages; (d) to a cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages; (e) without obtaining the recipients' clear and affirmative consent to receive such messages in advance; (f) within the previous four (4) years; (g) through the date that the class is certified." *Id*. ¶ 4.2.

9. Defendant Robinhood Financial is a Delaware limited liability company (as Plaintiff acknowledges at Complaint ¶ 2.3) with its principal offices in California. Chronos Financial LLC Certificate of Formation (attached as Ex. C); Certificate of Amendment (attached as Ex. D). Defendant Robinhood Markets is a Delaware corporation (as Plaintiff acknowledges at Complaint ¶ .4) with its principal offices in California. Robinhood Markets, Inc. Certificate of

NOTICE OF REMOVAL - 3
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Formation (attached as Ex. E).[1]  No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff and the putative class he seeks to represent and (ii) Defendants, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

## The Putative Class Numbers Not Less than 100

10.   The number of members of the class that Plaintiff proposes is not less than 100 persons.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiff alleges that "Defendants serve an actual and potential base of millions of individuals in Washington to whom the Defendants regularly transmits [*sic*] or assists [*sic*] in the transmission of unsolicited commercial electronic text messages." Compl. ¶ 4.5(a).

## The Amount in Controversy Is Over $5,000,000

11.   "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6). This is an "action in which the matter of controversy exceeds the sum or value of

---

[1] Defendants ask the Court to take judicial notice of Exhibits C–E.  Defendants' entity status on file with, and publicly available from, the Delaware Secretary of State "is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also Ham v. Cont'l Ins. Co.*, No. 08-1551 SC, 2008 WL 4287563, at *2 (N.D. Cal. Sept. 17, 2008) (granting request for judicial notice of articles of incorporation in removal context); *Hester v. NDEX W. LLC*, No. CV 16-8981 PA (PLAX), 2016 WL 7167898, at *3 n.2 (C.D. Cal. Dec. 7, 2016) (taking judicial notice of articles of incorporation when considering notice of removal).

NOTICE OF REMOVAL - 4
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

$5,000,000." 28 U.S.C. § 1332(d)(2).

12. "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Plaintiff alleges the putative class consists of "millions of individuals in Washington," Compl. ¶ 4.5(a), and that "Plaintiff and members of the putative class are entitled to recover statutory damages of at least $500 for each of Defendants' violations." *Id*. ¶ 5.24. By multiplying the alleged $500 damages by the "millions of individuals" purportedly in the putative class, Plaintiff's Complaint alleges at least $500 million in statutory damages alone.

13. Plaintiff also seeks "exemplary damages of $1,000, plus costs and reasonable attorneys' fees for each CEMA violation committed by the Defendants." *Id*. ¶ 6.12. The Court may also consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

14. In sum, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Defendants are entitled to remove the present action to the Court.

16. Spokane County Superior Court lies within the Eastern District of

NOTICE OF REMOVAL - 5
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  Washington.  Accordingly, removal to this district is proper.  See 28 U.S.C.
2  § 1441(a).
3      17.    Pursuant to 28 U.S.C. § 1446, written notice of the filing of this
Notice of Removal and the removal of the state court action will be served on
Plaintiff through his counsel of record.  A copy of this Notice of Removal is
being filed promptly with the Clerk of the Spokane County Superior Court, as
required by 28 U.S.C. § 1446(d).  Defendants attach, as Exhibit F, a copy of the
notice to be filed with the state court.

   18.    Nothing in this Notice of Removal shall be interpreted as a waiver or
relinquishment of Defendants right to assert any defense.  Defendants reserve the
right to assert all applicable claims and defenses in response to the Complaint.

   WHEREFORE, the above-entitled action is removed from the Spokane
County Superior Court to the United States District Court for the Eastern District
of Washington.

NOTICE OF REMOVAL - 6
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1     DATED this 13th day of November, 2019.

                                      Davis Wright Tremaine LLP
                                      Attorneys for Defendants

                                      By *s/ Kenneth E. Payson*
                                         Kenneth E. Payson, WSBA #26369
                                         *s/ Benjamin J. Robbins*
                                         Benjamin J. Robbins, WSBA #53376
                                         920 Fifth Avenue, Suite 3300
                                         Seattle, WA  98104-1610
                                         Telephone: (206) 622-3150
                                         Fax: (206) 757-7700
                                         E-mail: KennethPayson@dwt.com
                                         E-mail: BenRobbins@dwt.com

NOTICE OF REMOVAL - 7
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. In addition, counsel of record has been served a true and correct copy by U.S. mail at the addresses below:

| | |
|---|---|
| Kirk D. Miller<br>KIRK D. MILLER, P.S.<br>421 W. Riverside Ave., Ste. 660<br>Spokane, WA 99201<br>Telephone: (509) 413-1494<br>kmiller@millerlawspokane.com<br><br>Attorney for Plaintiff | Brian G. Cameron<br>Shayne J. Sutherland<br>CAMERON SUTHERLAND, PLLC<br>421 W. Riverside Ave., Ste. 660<br>Spokane, WA 99201<br>Telephone: (509) 315-4507<br>bcameron@cameronsutherland.com<br>ssutherland@cameronsutherland.com<br><br>Attorneys for Plaintiff |

DATED this 13th day of November, 2019.

                Davis Wright Tremaine LLP
                Attorneys for Defendants

                By *s/ Kenneth E. Payson*
                    Kenneth E. Payson, WSBA #26369

NOTICE OF REMOVAL - 8
Case No. 2:19-cv-00390

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax