# Exhibit B



**Robinhood Markets, Inc. SOP Isaac gordon v Robinhood Financial, LLC et al**
1 message

**Casey Pineda** <cpineda@incserv.com>　　　　　　　　　　　　　　　　　Wed, Oct 16, 2019 at 11:39 AM
To: ARCHIT@ROBINHOOD.COM <ARCHIT@robinhood.com>
Cc: SOP <sop@incserv.com>, LEGAL_RHM@ROBINHOOD.COM <LEGAL_RHM@robinhood.com>

Hello Archit,

Please see the attached Service of Process.

| | | |
|---|---|---|
| 1. | Entity Served: | ROBINHOOD MARKETS, INC. |
| 2. | Title of Action: | ISAAC GORDON vs ROBINHOOD FINANCIAL, LLC |
| 3. | Document(s) Served: | SUMMONS |
| 4. | Court/Agency: | SUPERIOR COURT OF THE STATE OF WASHINGTON, COUNTY OF SPOKANE |
| 5. | Nature of Action: | RESPOND TO THIS COMPLAINT |
| 6. | Date of Service: | 10/16/2019 |
| 7. | Jurisdiction Served: | CALIFORNIA |
| 8. | Appearance or Answer due: | 20 Days |
| 9. | Method of Service: | Rec'd from Process Server |
| 10. | Date Original Sent: | 10/16/2019 |
| 11. | Notes: | |

If you have any questions please let me know.

Thank You,

*The information provided has been extracted from the attached document and is not intended to represent legal advice or meant as an interpretation of law. The original document must be used for any legal decisions or other actions that may impact respondent its partners, clients or agents. Please review the document to confirm the details and nature of this service.*

**Casey A. Pineda**

*Registered Agent Associate*

**Incorporating Services, Ltd.**

*3500 S DuPont Hwy*

*Dover, DE  19901*

*800.346.4646*

**We Are Growing!** Incserv is excited to announce our new Maryland office.

Located just steps away from the capital building in downtown Annapolis, our Maryland office is ready to serve your needs. For more information about our services  in Maryland, email us at info@incserv.com.



**NOTE: We provide you with the most accurate and timely information possible. However, the ultimate responsibility for maintaining   the data of record lies with the jurisdiction's filing office and we accept no liability for errors and omissions. The above information (and any attachments) should be judged accordingly .**

📄 **201910161043.pdf**
831 KB

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated, | ) ) ) ) Case No.: ) ) **SUMMONS** ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company, and subsidiary of ROBINHOOD MARKETS, INC., a Delaware corporation, | |
| Defendants. | |

**TO: THE CLERK OF THE COURT;**
**AND TO: ROBINHOOD FINANCIAL, LLC;**
**AND TO: ROBINHOOD MARKETS, INC.**

A lawsuit has been started against you in the above-entitled court by ISAAC GORDON, Plaintiff. The Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to this Complaint by stating your defenses in writing, and by serving a copy upon the person signing this Summons within twenty (20) days after the service of this Summons if served within the State of Washington, or within sixty (60) days after service, if served outside the State of Washington, excluding the date

SUMMONS - 1

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

of service, or a default judgment may be entered against you without notice. A default judgment is one where the Plaintiff is entitled to what he or she asks for because you have not responded. If you serve a Notice of Appearance on the undersigned, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff files this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 3rd day of October 2019.

KIRK D. MILLER, P.S.

*/s/ Kirk D. Miller*

Kirk D. Miller, WSBA #40025
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 413-1494
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

CAMERON SUTHERLAND, PLLC

*/s/ Brian G. Cameron*

Brian G. Cameron, WSBA #44905
Shayne J. Sutherland, WSBA #44593
421 W. Riverside Ave., Ste. 660
Spokane WA 99201
Phone: (509) 315-4507
bcameron@cameronsutherland.com
ssutherland@cameronsutherland.com
*Attorneys for Plaintiff*

SUMMONS - 2

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company, and subsidiary of ROBINHOOD MARKETS, INC., a Delaware corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, ISAAC GORDON, by and through his attorneys of record, Kirk Miller of Kirk D. Miller, PS, and Brian G. Cameron and Shayne J. Sutherland of Cameron Sutherland, PLLC, and for causes of action against the above-named Defendants, complains and alleges as follows:

## I. INTRODUCTION

1.1    This case involves the Defendants' initiation or assistance in the transmission of commercial electronic text messages to Washington state recipients without first obtaining those recipients' clear and affirmative consent to receive such messages in violation of Washington's Consumer Protection Act (CPA), RCW 19.86, *et seq.*, vis à vis the Defendants' violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190, *et seq.*

COMPLAINT FOR DAMAGES - Page 1 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

1.2 The Plaintiff brings this Complaint, on behalf of himself and a class of all others similarly situated, against Defendants ROBINHOOD FINANCIAL, LLC, and ROBINHOOD MARKETS, INC., (hereinafter collectively "Defendants") pursuant to CR 23.

1.3 The Plaintiff seeks statutory damages, exemplary damages, declaratory and injunctive relief, costs and attorneys' fees, and other relief against the Defendants for its illegal "text spamming" to Washington consumers, businesses, and other organizations.

## II. IDENTITY OF THE PARTIES

2.1 Plaintiff Isaac Gordon is a natural person residing in Spokane County, Washington who received one or more unsolicited commercial electronic text messages that were initiated, formulated, composed, and/or originated by the Defendants.

2.2 The Plaintiff and putative class members are consumers, business entities, and cellular telephone users residing in the state of Washington, who are all "persons" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

2.3 Defendant Robinhood Financial, LLC, is a Delaware limited liability company that provides online investment brokerage services and conducts related business activities throughout Washington state. Defendant Robinhood Financial, LLC is a subsidiary Defendant Robinhood Markets, Inc.

2.4 Defendant Robinhood Markets, Inc., is a Delaware corporation that provides online investment brokerage services and conducts related business activities throughout Washington state.

2.5 Defendants' company headquarters are located at 85 Willow Road in Menlo Park, California.

2.6 Upon information and belief, at various times herein mentioned, each of the Defendants was the agent, servant, representative, partner, and/or joint venturer, of the other and in engaging in certain acts hereinafter alleged, was acting within the course and scope of said

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 31 of 55

1  agency, service, representation, and/or venture, and materially assisted the other Defendant. Plaintiff is further informed and believes and thereon alleges that each of the Defendants ratified the acts and omissions of the other Defendant and/or at all times material hereto doing the things alleged in this Complaint within the course and scope of such agency and is subject to vicarious liability for the acts of the other Defendant.

2.7   Defendants are a "person" as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1).

### III. STATEMENT OF JURISDICTION AND VENUE

3.1   This Court has jurisdiction over the parties to this action pursuant to RCW 4.28.080 and 4.28.185.

3.2   Venue is proper in this Court pursuant to RCW 4.12.020.

### IV. CLASS ACTION ALLEGATIONS

4.1   The Plaintiff brings this claim on behalf of the following class, pursuant to CR 23(a) and CR 23(b)(3).

4.2   The class consists of:

(a)   All persons, as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(1);

(b)   Who are Washington residents;

(c)   To whom the Defendants initiated or assisted in the transmission of one or more commercial electronic text messages;

(d)   To a cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages;

(e)   Without obtaining the recipients' clear and affirmative consent to receive such messages in advance;

(f)   Within the previous four (4) years;

COMPLAINT FOR DAMAGES - Page 3 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

(g) Through the date that the class is certified.

4.3 The identities of all class members are readily ascertainable from the contact records of the Defendants and those telephone users who have been targeted by the Defendants' unsolicited commercial electronic text messages.

4.4 Excluded from the Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

4.5 This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of CR 23, because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Class defined above is so numerous that joinder of all members would be impractical. The Defendants serve an actual and potential customer base of millions of individuals in Washington to whom the Defendants regularly transmits or assists in the transmission of unsolicited commercial electronic text messages.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' initiation or assistance in the transmission of unsolicited commercial electronic text messages to Washington recipients violates Washington's CPA, RCW 19.86, *et seq.*, vis à vis the Defendants' violations of Washington's CEMA, RCW 19.190, *et seq.*

(c) **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common, uniform course of conduct complained of herein.

COMPLAINT FOR DAMAGES - Page 4 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 33 of 55

(d) **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. The Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor its counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy, because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individuals' actions would engender.

4.6    Certification of a class under CR 23(b)(3) is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.7    The Plaintiff's claims apply to the Defendants' illegal acts and omissions occurring in the four years preceding the filing of this case, through the date that the class is certified.

## V.  PLAINTIFF'S ALLEGATIONS OF FACT

5.1    The Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

5.2    The Plaintiff is a Washington individual who regularly uses a cellular telephone or similar device with the capacity to send and receive transmissions of electronic text messages.

COMPLAINT FOR DAMAGES - Page 5 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 34 of 55

5.3    The Defendants operate an online investment brokerage service and conducts related business activities serving consumers, businesses, and other organizations throughout Washington and the United States.

5.4    The Defendants regularly initiate or assist in the transmission of electronic text messages promoting its commercial brand and services through its "refer-a-friend" (RAF) program, for which it originates, formulates, composes, and initiates electronic commercial electronic text messages to be transmitted to third-party recipients by its existing users.

5.5    The Defendants do not obtain targeted recipients' clear and affirmative consent to receive the Defendants' commercial electronic text messages prior to initiating or assisting in the transmission of such messages to those recipients.

5.6    In July 2019, the Plaintiff received an unsolicited commercial electronic text message promoting the Defendants' brand and services.

5.7    In July 2019, the Defendants initiated or assisted in the transmission of an unsolicited commercial electronic text message to the Plaintiff.

5.8    The unsolicited commercial electronic text message transmitted to the Plaintiff invited him to sign up for the Defendants' online brokerage services, promising special incentives for doing so, and stating: "Your free stock is waiting for you! Join Robinhood and we'll both get a stock like Apple, Ford, or Facebook for free. Sign up with my link," as follows:

COMPLAINT FOR DAMAGES - Page 6 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 35 of 55



5.9     This unsolicited commercial electronic text message transmitted to the Plaintiff message included a hyperlink to connect to the Defendants' online platform and register for the Defendants' brokerage services. It did not include an "opt-out" or "stop" option enabling the recipient to preclude further unsolicited commercial electronic text messages.

5.10    The Plaintiff did not consent, affirmatively or otherwise, to receive commercial electronic text messages from the Defendants or its agents, assistants, or proxies.

5.11    The Defendants provided substantial assistance or support that enabled its existing users (a.k.a. "subscribers"), as its agents, assistants, and proxies, to formulate, compose, send, originate, initiate, or transmit unsolicited commercial electronic text messages to targeted recipients, including the Plaintiff, knowing that these users intended to engage in these practices, practices which violate the CPA.

5.12    The Defendants provided substantial assistance or support that enabled its existing subscribers, as its agents, assistants, and proxies, to formulate, compose, send, originate, initiate, or transmit unsolicited commercial electronic text messages to targeted recipients, including the Plaintiff, without first obtaining those recipients' clear and affirmative consent to receive such messages.

COMPLAINT FOR DAMAGES - Page 7 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 36 of 55

5.13   The Defendants operate a RAF rewards program in which it distributes unsolicited commercial electronic text messages through its existing subscribers to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.14   The Defendants operate a RAF rewards program that enables existing users to transmit unsolicited commercial electronic text messages to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.15   The Defendants formulate the systems, processes, procedures, terms, conditions, content, and incentives associated with its RAF rewards program, which enables existing users to distribute unsolicited commercial electronic text messages to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.16   The Defendants compose the content of the unsolicited commercial electronic text messages to be transmitted through its existing subscribers to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.17   The Defendants operate a RAF rewards program that enables existing users to send unsolicited commercial electronic text messages to unsubscribed individuals from their own telephones, without those individuals' clear and affirmative consent to receive such messages.

5.18   The systems, processes, procedures, terms, conditions, content, and incentives of the Defendants' RAF rewards program, which enables existing users to transmit unsolicited commercial electronic text messages to unsubscribed individuals without those individuals' clear and affirmative consent to receive such messages, originated from the Defendants.

5.19   The Defendants operate a RAF rewards program that enables existing users to initiate unsolicited commercial electronic text messages to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

COMPLAINT FOR DAMAGES - Page 8 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 37 of 55

5.20    The Defendants initiate the processes and procedures that enables existing subscribers to transmit unsolicited commercial electronic text messages to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.21    The Defendants operate a RAF rewards program that enables existing users to transmit unsolicited commercial electronic text messages to unsubscribed individuals, without those individuals' clear and affirmative consent to receive such messages.

5.22    In the four years prior to the transmission of the first unsolicited commercial electronic text message promoting the Defendants' brand and services to the Plaintiff, through the date of the filing of this action, the Defendants, directly or through its agents, assistants, and proxies, have initiated or assisted in the transmission of unsolicited commercial electronic text messages to hundreds of Washington recipients without first obtaining those recipients' clear and affirmative consent to receive such messages.

5.23    As a result of the Defendants' actions and omissions, the Plaintiff and members of the putative class have suffered injuries-in-fact, including invasions of privacy, intrusion upon and occupation of the capacity of recipients' telephones or other devices and chattels, and wasted time and attention in tending to unsolicited and unwanted junk text messages.

5.24    As a result of the Defendants' actions and omissions, the Plaintiff and members of the putative class are entitled to recover statutory damages of at least $500 for each of the Defendants' violations, plus actual damages, costs, and fees as provided by applicable statutes.

## VI.  CAUSE OF ACTION
**Violation of Washington's Consumer Protection Act**
**RCW 19.86, *et seq.***

6.1    The Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

COMPLAINT FOR DAMAGES - Page 9 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 38 of 55

6.2     Washington's CPA states in part that: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

6.3     The Defendants engaged in unfair acts and practices in the conduct of trade or commerce in a manner that offended the public interest and caused injury to the Plaintiff and actually injured, has the capacity to injure, or had the capacity to injure other persons.

6.4     The actions and omissions of the Defendants violated RCW 19.86, *et seq*.

6.5     Washington's CEMA prohibits any "person," as that term is defined in RCW 19.190.010(11), from initiating or assisting in the transmission of an unsolicited commercial electronic text message to a Washington resident's cellular phone or similar device, unless the recipient has clearly and affirmatively consented in advance to receive such text messages. RCW 19.190.070(1)(b).

6.6     The Defendants initiated or assisted in the transmission of one or more unsolicited commercial electronic text messages to the Plaintiff and putative class members without first obtaining those recipients' clear and affirmative consent to receive such messages.

6.7     The actions and omissions of the Defendants violated RCW 19.190.060(1).

6.8     Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is an unfair or deceptive act in trade or commerce and an unfair method of competition for purposes of applying the CPA.

6.9     Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is a matter vitally affecting the public interest for purposes of applying the CPA.

COMPLAINT FOR DAMAGES - Page 10 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 39 of 55

6.10 Pursuant to RCW 19.190.100, initiating or assisting in the transmission of unsolicited commercial electronic text messages to recipients who have not clearly and affirmatively consented to receiving such text messages is not reasonable in relation to the development and preservation of business.

6.11 Pursuant to RCW 19.19.040(1), damages to each recipient of a commercial electronic text message sent in violation of the CEMA are the greater of $500 or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. *Wright v. Lyft, Inc.*, 189 Wn.2d 718, 732, 406 P.3d 1149, 1155 (2017).

6.12 As a result of the Defendants' actions and omissions, the Plaintiff and members of the putative class are each entitled to recover $500, plus exemplary damages of $1,000, plus costs and reasonable attorneys' fees for each CEMA violation committed by the Defendants.

## I. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

7.1 Declaring that this action is properly maintainable as a Class action and certifying the Plaintiff as Class representative and Kirk D. Miller of Kirk D. Miller, PS, and Brian G. Cameron and Shayne J. Sutherland of Cameron Sutherland, PLLC, as Class Counsel;

7.2 Awarding Plaintiff and the Class actual and statutory damages, costs, and fees pursuant to RCW 19.190.040(1) and RCW 19.86.090;

7.3 Awarding treble damages pursuant to RCW 19.86.090;

7.4 Granting injunctive relief prohibiting the Defendants from initiating or assisting in the transmission of unsolicited commercial electronic text messages without first obtaining targeted recipients' clear, affirmative, and express written consent to receive such messages;

7.5 Granting declaratory relief finding that the Defendants' conduct violated Washington's CEMA and CPA;

COMPLAINT FOR DAMAGES - Page 11 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 40 of 55

7.6  Awarding the Plaintiff his costs in this action, including reasonable attorneys' fees and expenses; and

7.7  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

DATED this 3rd day of October 2019.

KIRK D. MILLER, PS

Kirk D. Miller, WSBA #40025
*Attorney for Plaintiff*

CAMERON SUTHERLAND, PLLC

WSBA #44593
for

Brian G. Cameron, WSBA #44905
*Attorney for Plaintiff*

COMPLAINT FOR DAMAGES - Page 12 of 12

Cameron Sutherland, PLLC
421 W. Riverside Ave., Ste. 660
Spokane, WA 99201
TEL. 509.315.4507
FAX 509.315.4585

Page 41 of 55