UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON,<br><br>                        Plaintiff,<br><br>     v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company, and ROBINHOOD MARKETS, INC., a Delaware corporation,<br><br>                        Defendants. | NO. 2:19-CV-0390-TOR<br><br>ORDER GRANTING MOTIONS TO DISMISS |

BEFORE THE COURT are Defendants' two Motions to Dismiss (ECF Nos. 11, 12). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing and is fully informed. For the reasons discussed below, Defendants' Motions to Dismiss (ECF Nos. 11, 12) are GRANTED.

ORDER GRANTING MOTIONS TO DISMISS ~ 1

## BACKGROUND

This case concerns the "Refer a Friend" marketing feature of Defendants' online investment brokerage application, which Plaintiff alleges violates the Washington Consumer Protection Act by way of the Washington Commercial Electronic Mail Act ("CEMA"). Plaintiff initially filed a Complaint against Defendants in Spokane County Superior Court. ECF No. 1-1 at 5-16. Defendants removed the action to federal court on the basis of class action diversity jurisdiction under the Class Action Fairness Act ("CAFA"). ECF No. 1 at 1-6. Following removal, Plaintiff filed an Amended Complaint, which is the current operative Complaint. ECF No. 9. Defendants then filed a Motion to Dismiss for lack of personal jurisdiction over Defendant Robinhood Markets, Inc. ("Robinhood Markets"). ECF No. 12. Defendants also filed a Motion to Dismiss for failure to adequately allege a CEMA violation. ECF No. 11.

## DISCUSSION

**A. Motion to Dismiss for Lack of Personal Jurisdiction**

Defendants filed a Motion to Dismiss for lack of personal jurisdiction over Defendant Robinhood Markets, pursuant to Fed. R. Civ. P. 12(b)(2). ECF No. 12. Plaintiff then voluntarily dismissed Defendant Robinhood Markets, pursuant to Fed. R. Civ. P. 41(a)(1). ECF No. 15. Robinhood Markets contends it is entitled to attorney's fees for prevailing on its Rule 12(b)(2) motion. ECF No. 17.

Washington law authorizes an award of attorney's fees to a defendant who is "personally served outside the state" and "prevails in the action." RCW 4.28.185. "Under this statute, courts are allowed to award attorney's fees to defendants who – after being hailed into court under the long-arm statute – prevail on a 12(b)(2) motion to dismiss." *Hunter v. Ferebauer*, 980 F. Supp. 2d 1251, 1259 (E.D. Wash. 2013) (citing *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wash. 2d 109, 114 (1990)). This statute authorizes an award of fees to a foreign defendant "when the plaintiff voluntarily dismisses the action." *Scott Fetzer Co.*, 114 Wash. 2d at 113 (citing *Anderson v. Gold Seal Vineyards, Inc.*, 81 Wash. 2d 863, 865 (1973)). Here, Robinhood Markets is a foreign defendant who was voluntarily dismissed without prejudice from the action. ECF No. 15. Accordingly, under RCW 4.28.185, Robinhood Markets is entitled to an award of attorney's fees.

**B. Motion to Dismiss for Failure to State a Claim**

Defendants move to dismiss Plaintiff's Complaint for failure to adequately allege a CEMA violation. ECF No. 11. However, review of the parties' briefing on this issue has triggered this Court's obligation to consider whether federal subject-matter jurisdiction is present.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Fed. R. Civ. P. 12(h)(3). If subject-matter jurisdiction is questionable, the court must raise the issue *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level.").

Here, Plaintiff's Amended Complaint is the operative complaint. ECF No. 9. The Amended Complaint alleges federal subject-matter jurisdiction exists based on the parties' diversity of citizenship and that the amount-in-controversy exceeds $75,000. ECF No. 9 at 4, ¶¶ 3.1-3.2; *see* 28 U.S.C. § 1332 (diversity jurisdiction statute). However, further review of the Amended Complaint fails to support Plaintiff's allegation that the amount-in-controversy exceeds $75,000. Plaintiff's Amended Complaint proposes a class action. ECF No. 9 at 1. When a proposed class action complaint alleges federal subject-matter jurisdiction based on diversity of citizenship, the amount-in-controversy should be calculated based only the claims of the named plaintiffs. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940-41 (9th Cir. 2001). Here, Plaintiff Gordon is the only named plaintiff in the case. Plaintiff has alleged that he is entitled to recover $500 in statutory damages, $1,000 in exemplary damages, treble damages, and costs and attorney's fees. ECF No. 9 at 24-25, ¶¶ 6.13-7.7. These alleged damages fall well below the $75,000 threshold required for federal diversity jurisdiction.

When Defendants removed the initial Complaint to federal court, that removal was based on the aggregated amount-in-controversy alleged for the entire proposed class. ECF No. 1 at 4-5, ¶¶ 11-14. *Gibson* instructs that analysis of the full class's claims is only appropriate after the class has been certified under Fed. R. Civ. P. 23. *Gibson*, 261 F.3d at 940. However, even if this Court were to consider the full proposed class's claims, the Amended Complaint still would not satisfy the amount-in-controversy requirement.

"In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). In alleging sufficient numerosity of the proposed class, Plaintiff states "Defendants serve an actual and potential customer base of millions of individuals in Washington to whom the Defendants regularly transmit or assist in the transmission of unsolicited commercial electronic text messages." ECF No. 9 at 6, ¶ 4.5(a). However, in the factual allegations of the Amended Complaint, Plaintiff alleges Defendants' text messages were only actually sent to "hundreds of Washington recipients." ECF No. 9 at 21-22, ¶ 5.42. Assuming Plaintiff correctly asserts that each class member would be entitled to $1,500 in damages, which could then be trebled to $4,500 per class member, Plaintiff would still need to allege a class of over 1,100 members in order to satisfy the class aggregate

amount-in-controversy requirement. Plaintiff's vague allegation that the text messages at issue were only sent to "hundreds" of Washington residents fails to meet this threshold.

Because Plaintiff's Amended Complaint fails to allege a sufficient amount-in-controversy to support federal diversity jurisdiction, this Court must dismiss this action. Fed. R. Civ. P. 12(h)(3). Plaintiff may have leave to file a Second Amended Complaint within 30 days of this Order.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss Defendant Robinhood Markets, Inc. (ECF No. 12) is **GRANTED**. Defendant Robinhood Markets is entitled to an award of attorney's fees. **Within 14-days**, Robinhood Markets, Inc. shall file its request and substantiation for attorney fees.

2. Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 11) is **GRANTED**. This case is **dismissed without prejudice** and **with leave to amend**.

The District Court Executive is directed to enter this Order, furnish copies to counsel, and **terminate** Robinhood Markets, Inc. as a defendant in this matter.

**DATED** February 19, 2020.



THOMAS O. RICE
Chief United States District Judge