# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, individually and on behalf of all those similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,<br><br>　　　　　　　　Defendant. | NO. 2:19-CV-0390-TOR<br><br>ORDER ON MOTIONS FOR RECONSIDERATION AND ATTORNEYS' FEES |

BEFORE THE COURT are the parties' Motions for Reconsideration (ECF Nos. 19, 22) and Robinhood Markets' Substantiation of Attorneys' Fees (ECF No. 20). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED, Defendants' Motion for Reconsideration (ECF No. 22)

ORDER ON MOTIONS FOR RECONSIDERATION AND ATTORNEYS' FEES ~ 1

is GRANTED in part, and Robinhood Markets' Fee Substantiation (ECF No. 20) is GRANTED in part.

## BACKGROUND

This case concerns the "Refer a Friend" marketing feature of Defendants' online investment brokerage application, which Plaintiff alleges violates the Washington Consumer Protection Act by way of the Washington Commercial Electronic Mail Act ("CEMA"). Plaintiff initially filed a Complaint against Defendants Robinhood Financial LLC ("Robinhood Financial") and Robinhood Markets, Inc. ("Robinhood Markets") in Spokane County Superior Court. ECF No. 1-1 at 5-16. Defendants removed the action to federal court on the basis of class action diversity jurisdiction under the Class Action Fairness Act ("CAFA"). ECF No. 1 at 1-6.

Following removal, Plaintiff filed an Amended Complaint, which is the current operative Complaint. ECF No. 9. Defendants then filed a Motion to Dismiss for lack of personal jurisdiction over Robinhood Markets, with a request for attorneys' fees. ECF No. 12. Defendants also filed a Motion to Dismiss for failure to adequately allege a CEMA violation. ECF No. 11. While the Motion to Dismiss for lack of personal jurisdiction was pending, Plaintiff voluntarily dismissed Robinhood Markets, pursuant to Fed. R. Civ. P. 41(a)(1). ECF No. 15.

Robinhood Markets then reiterated its request for attorneys' fees related to the personal jurisdiction issue. ECF No. 17.

In reviewing Defendants' Motions to Dismiss, the Court found that the parties' briefing triggered its obligation to consider whether federal subject-matter jurisdiction was present. ECF No. 18 at 3-6. The Court concluded that the amount-in-controversy alleged was not sufficient to support diversity jurisdiction and dismissed the complaint with express leave to amend. *Id.* The Court also granted Robinhood Markets' request for attorneys' fees and directed Robinhood Markets to file a substantiation of fees. ECF No. 18 at 2-3, 6. Robinhood Markets filed its fee substantiation, ECF No. 20, and Plaintiff and both Defendants filed cross-motions for reconsideration of the Court's Order of Dismissal. ECF Nos. 19, 22.

**DISCUSSION**

**A. Reconsideration Standard**

Motions for reconsideration are generally disfavored. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be

other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

**B. Order of Dismissal**

Plaintiff requests this Court modify the Order of Dismissal to direct remand to state court rather than outright dismissal and to award Plaintiff attorney fees associated with the costs of removal. ECF No. 19 at 2-3. Defendants request this Court withdraw the Order of Removal. ECF No. 22 at 2.

Defendants correctly note that the Court relied on case law that pre-dated CAFA to assess Plaintiff's individual amount-in-controversy. However, the Court maintains its consideration of the class-wide amount-in-controversy allegation. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not … questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). When the amount-in-controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The Court questions Defendants' allegation that the amount-in-controversy exceeds $5 million. The damages in this case would not exceed $1,500 per class member (statutory and punitive damages), plus costs and fees, and the Complaint alleges actual injury to only "hundreds" of Washingtonians. ECF No. 9 at 21-22, ¶ 5.42. Defendants' Notice of Removal relies on Plaintiff's unsupported allegation in the Complaint that the potential class includes "millions" of people, but the Court does not find this bare assertion plausible, especially given that the class is limited to Washington residents. Because the Court questions the alleged amount-in-controversy, the parties are entitled to present evidence on this issue. Accordingly, Defendants' Motion for Reconsideration is granted in part, and the parties have leave to submit evidence establishing the amount-in-controversy within 60 days of the date of this Order. Relatedly, because the Court will reassess jurisdiction upon consideration of the parties' evidence, Plaintiff's request to remand this matter to state court with an award of fees is denied at this time.

**C. Award of Attorney's Fees**

At the direction of the prior Order granting an award of attorneys' fees, Robinhood Markets submitted a substantiation of fees. ECF No. 20. In response to the fee substantiation, Plaintiff requests the Court reconsider the initial award of fees. ECF No. 19 at 3-4; ECF No. 23.

*1. Jurisdiction to Award Attorney's Fees*

Plaintiff raises several jurisdictional challenges to this Court's award of attorneys' fees to Robinhood Markets. First, Plaintiff contends that the Court could not grant the Rule 12(b)(2) motion because Plaintiff's Rule 41 dismissal notice rendered Robinhood Markets' Rule 12(b)(2) motion moot, effectively leaving the Court with no motion left to grant. ECF No. 23 at 4-5. However, Robinhood Markets' earlier filed Rule 12(b)(2) motion contained an explicit request for an award of attorney's fees, so even though the legal questions surrounding personal jurisdiction were rendered moot by the Rule 41 dismissal, the Rule 12(b)(2) motion still contained a pending matter, the request for fees, for the Court to address.

Second, Plaintiff contends this Court could not award attorneys' fees in this case after it determined that it lacked subject-matter jurisdiction over the case. ECF No. 19 at 3-4. Although the question of subject-matter jurisdiction now remains subject to the parties' submission of evidence to support the alleged amount-in-controversy, this Court would be empowered to award attorneys' fees even if it lacked subject-matter jurisdiction. "[A] district court sitting in diversity may award attorneys' fees to the prevailing party under applicable state law, despite a dismissal of the action for lack of subject matter jurisdiction." *Kona Ent., Inc. v. Estate of Bishop*, 229 F.3d 877, 887 (9th Cir. 2000); *see also Fed. Sav. and*

*Loan Ins. Co. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("[A]ncillary jurisdiction exists over attorney fee disputes collateral to the underlying litigation."). Here, this Court is sitting in diversity and determined that Robinhood Markets was entitled to fees under state law. ECF No. 18 at 3. That this Court previously determined it did not have subject-matter jurisdiction over the substantive case is not a bar to such an award. *Kona Ent.*, 229 F.3d at 887. Plaintiff's request for reconsideration of the fee award on jurisdictional grounds is denied.

   *2. Robinhood Markets' Entitlement to Attorney's Fees*

Plaintiff next contends that Robinhood Markets is not entitled to attorneys' fees under the substantive state law because it is not a "prevailing party." ECF No. 26 at 7-10. Specifically, Plaintiff argues that its voluntary dismissal of Robinhood Markets is not a final judgment and that this Court relied on abrogated case law to justify the award. *Id.*

Plaintiff misinterprets the case law. This Court awarded attorneys' fees under a specific provision of Washington's long-arm statute, RCW 4.28.185(5). ECF No. 18 at 3. "RCW 4.28.185(5) authorizes an award of reasonable attorney fees to a defendant who, having been hailed into a Washington court under the long-arm statute, 'prevails in the action.'" *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wash. 2d 109, 112 (1990) ("*Fetzer I*"). A defendant may recover

attorney's fees under this statute even when the defendant is voluntarily dismissed by the plaintiff. *Andersen v. Gold Seal Vinyards, Inc.*, 81 Wash. 2d 863, 868 (1973) ("When an action against such a defendant is dismissed, even though that dismissal be upon the motion of the plaintiff, the judgment which is entered shows that the plaintiff failed to prove his claim.").

Plaintiff relies on *Wachovia SBA Lending* and its progeny to argue that a party who has been voluntarily dismissed from an action is not a "prevailing party" for the purpose of awarding attorney's fees. ECF No. 23 at 5-6 *and* ECF No. 26 at 8; *see Wachovia SBA Lending, Inc. v. Kraft*, 165 Wash. 2d 481, 492 (2009); *AllianceOne Receivables Mgmt., Inc. v. Lewis*, 180 Wash. 2d 389, 394 (2014). However, Plaintiff's cited authority distinguishes between general awards of attorney's fees and attorney's fees specifically awarded under the long-arm statute. "Whether an individual is a prevailing party after voluntary dismissal turns on whether the claimant meets the conditions of the specific statute that authorizes the fees." *AllianceOne*, 180 Wash. 2d at 394. In fact, the *Wachovia* court specifically noted that the definition of "prevailing party" in the long-arm statute's authorization of attorney's fees differed from other statutes' authorizations for attorney's fees to a "prevailing party." *Wachovia*, 165 Wash. 2d at 491. Contrary to Plaintiff's argument, *Andersen* and *Fetzer I* remain good law and specifically authorize an award of attorney's fees under the long-arm statute to a defendant

ORDER ON MOTIONS FOR RECONSIDERATION AND ATTORNEYS' FEES ~ 8

who has been voluntarily dismissed from the action. *Id.*; *see also Andersen*, 81 Wash. 2d at 868. Plaintiff's request for reconsideration of the fee award on this ground is denied.

**D. Fee Substantiation**

Robinhood Markets requests a fee award in the amount of $14,234.50. ECF No. 20. Plaintiff objects to Robinhood Markets' fee substantiation as untimely and unreasonable. ECF No. 23 at 3-9.

*1. Timeliness of Fee Request*

Plaintiff contends that Robinhood Markets' fees substantiation was untimely submitted. ECF No. 23 at 3-4. Plaintiff argues Robinhood Markets should have complied with Fed. R. Civ. P. 54(d)(2)(B)(i), which requires that a claim for attorney's fees be filed no later than 14 days after the entry of judgment. *Id.* However, Plaintiff's argument is based on the date of Robinhood Markets' fee substantiation rather than its initial request for attorneys' fees. Robinhood Markets first submitted a request for attorneys' fees in its initial Rule 12(b)(2) motion on January 7, 2020, before Plaintiff voluntarily dismissed it as a defendant in this case. ECF No. 12 at 10-11. Plaintiff's argument instead relies on the date of Robinhood Markets' fee substantiation, which was timely filed at the Court's direction within fourteen days of the Order awarding the fees. ECF No. 18 at 6;

ECF No. 20. Neither Robinhood Markets' request for fees nor its fee substantiation were untimely.

2. *Reasonableness of Fee Request*

Next, Plaintiff contends that Robinhood Markets' $14,234.50 fee request is unreasonable. ECF No. 23 at 7-9. Fee awards under Washington's long-arm statute are "limited to those amounts necessary to compensate the prevailing party for the added expense resulting from the plaintiff's use of the long-arm statute." *Rains v. State, Dep't of Soc. & Health Servs., Div. of Child Support*, 98 Wash. App. 127, 139 (1999). "Fee awards to defendants who prevail jurisdictionally thus should reflect only that amount of lawyering that reasonably should have been necessary to prevail on the jurisdictional defense." *Fetzer I*, 114 Wash. 2d at 122-23. Washington courts use the lodestar approach to award fees under the long-arm statute by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter. *Id.* at 124. "The burden of proving the reasonableness of the fees requested is upon the fee applicant." *Scott Fetzer Co. v. Weeks*, 122 Wash. 2d 141, 151 (1993) ("*Fetzer II*"). "In adjudging 'reasonable hours' under the long-arm statute, courts should attempt to determine the amount of time that it would take a competent practitioner to recognize the jurisdictional issue, research the relevant law, discover the pertinent facts, and then prepare, file and prevail upon" a jurisdictional motion. *Id.*

Plaintiff contends that the number of hours for which Robinhood Markets seeks to recover fees is unreasonable. ECF No. 23 at 7-9. Although Robinhood Markets represents that it recorded substantially more time toward its Rule 12(b)(2) motion, it only seeks to recover for a total of 20.4 hours of attorney time and 2.7 hours of paralegal time spent on the motion. ECF No. 21 at 3-4. The Court finds that this limited request is a reasonable amount of time to expend on the motion.

Plaintiff does not specifically contest the hourly rate at which Robinhood Markets billed work on its Rule 12(b)(6) motion. ECF No. 23 at 7-9. However, the Court finds that the hourly rate sought is not reasonable for the complexity of the work performed. "The trial court, instead of merely relying on the billing records of the [party's] attorney, should make an independent decision as to what represents a reasonable amount for attorney fees." *Fetzer II*, 122 Wash. 2d at 151 (quotation and citation omitted). Robinhood Markets seeks to recover fees billed at a senior attorney rate of $745 per hour, a junior attorney rate of $495 per hour, and a paralegal rate of $255 per hour. ECF No. 21 at 2-3. These hourly rates are much higher than those typically awarded in this Court. *See, e.g.,* No. 2:17-cv-0191-TOR, ECF No. 215 (approving $365 senior attorney hourly rate and $235 junior attorney hourly rate); No. 2:12-cv-3108-TOR, ECF No. 186 (approving attorney hourly rates up to $400 and paralegal hourly rate of $90); No. 2:13-cv-

0395, ECF No. 110 (approving attorney hourly rates up to $400); No. 2:14-cv-0005-TOR, ECF No. 33 (approving attorney hourly rates of $285 and $225 and noting that paralegal billing in the Eastern District of Washington usually falls between $75-$150 per hour). Importantly, the lodestar figure can be adjusted in consideration of factors such as the complexity of the matter and the skill required to address it. *Fetzer I*, 114 Wash. 2d at 124. The relatively simple legal issues raised in Robinhood Markets' Rule 12(b)(2) motion do not justify the exorbitant rates Robinhood Markets requests. Accordingly, the Court will award fees at the adjusted senior attorney rate of $425 (for 12.6 hours billed), the adjusted junior attorney rate of $300 per hour (for 7.8 hours billed), and the adjusted paralegal rate of $100 per hour (for 2.7 hours billed). At these adjusted rates, the lodestar figure in this case comes to $7,965.00. The Court finds this to be a reasonable fee for the work performed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Reconsideration (ECF No. 19) is DENIED.
2. Defendant Robinhood Markets' Motion for Reconsideration (ECF No. 22) is GRANTED in part. The parties shall have 60 days from the date of this Order to submit evidence to substantiate the amount-in-controversy. Absent proof of the required jurisdictional threshold, the Court will remand this matter back to the state court.

3. Robinhood Markets' Fee Substantiation (ECF No. 20) is GRANTED in part. Robinhood Markets, Inc. is awarded attorneys' fees in the amount of **$7,965.00**. Because Robinhood Markets will no longer be a Defendant, the Court finds there is no just reason for delay of judgment on this claim.

The District Court Executive is directed to enter this Order, enter a Federal Rule of Civil Procedure 54(b) partial final judgment against Plaintiff and in favor of Defendant Robinhood Markets, Inc. for the attorneys' fee award, and furnish copies to counsel. The file remains open.

**DATED** April 1, 2020.



THOMAS O. RICE
Chief United States District Judge