UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, personally, and an individual, and all those similarly situated,<br><br>                             Plaintiffs,<br><br>    v.<br>ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,<br><br>                             Defendant. | NO: 2:19-CV-0390-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6) |

BEFORE THE COURT is Defendant Robinhood Financial LLC's Motion to Dismiss (ECF No. 11). The Court has reviewed the record and files herein, the completed briefing, and is fully informed. The motion was submitted for consideration without oral argument. For the reasons discussed below, the Motion to Dismiss (ECF No. 11) is denied.

ORDER DENYING MOTION TO DISMISS UNDER RULE 12(b)(6) ~ 1

# BACKGROUND[1]

Plaintiff Isaac Gordon is a Washington individual who regularly uses a cellular telephone or similar device to send and receive transmissions of electronic text messages. ECF No. 9 at 8, ¶ 5.2. Defendant Robinhood Financial LLC operates an online investment brokerage service and conducts related business activities including a "refer-a-friend" (RAF) program, which allows current subscribers to send links to other devices containing invitations to sign up for the Defendant's online brokerage services. *Id*. at 8-10, ¶¶ 5.3, 5.4, 5.10. As part of the RAF program, existing subscribers can send invitations to new users to subscribe to Robinhood's services without their affirmative consent. *Id*. at 9, ¶ 5.6. In July of 2019, the Plaintiff received an unsolicited commercial electronic text message that was allegedly either initiated or assisted in its transmission by the Defendant. *Id*. at 9, ¶¶ 5.8, 5.9. Contained in the text message transmitted to the Plaintiff was an invitation to the Plaintiff to sign up for the Defendant's online brokerage services, promising special incentives for doing so. *Id*. at 9-10, ¶ 5.10. The message stated "Your free stock is waiting for you! Join Robinhood and we'll both

---

[1] The background facts are gleaned from Plaintiff's First Amended Complaint (ECF No. 9), which are to be taken as true for purposes of the Motion to Dismiss. This summary is not exhaustive but is limited to the facts necessary for this Order.

get a stock like Apple, Ford, or Facebook for free. Sign up with my link." *Id*. The invitation did not include an "opt out" or "stop" option, enabling the recipient to preclude further messages. *Id*. at 10, ¶ 5.12.

Plaintiff originally filed this case in the Superior Court for Spokane County, on October 29, 2019, cause no. 19-2-04574-32, and Defendant filed a notice of removal with this court on November 13, 2019. ECF No. 1. Plaintiff filed his First Amended Complaint on December 10, 2019, alleging that the Defendant's RAF program is violative of Washington's Consumer Protection Act (CPA), RCW 19.86, et seq., vis à vis the Defendant's violations of Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190. ECF No. 9 at 2, ¶ 2.

Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is now before the Court. ECF No. 11.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be granted." "The burden of demonstrating that no claim has been stated is upon the movant." *Glanville v. McDonnell Douglas Corp.*, 845 F.2d 1029 (9th Cir. 1988). A motion to dismiss for failure to state a claim will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is

1  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell

2  Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3  　　　While the plaintiff's "allegations of material fact are taken as true and

4  construed in the light most favorable to the plaintiff[,]" the plaintiff cannot rely on

5  "conclusory allegations of law and unwarranted inferences [] to defeat a motion to

6  dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399,

7  1403 (9th Cir. 1996) (citation and brackets omitted).  That is, the plaintiff must

8  provide "more than labels and conclusions, and a formulaic recitation of the

9  elements." *Twombly*, 550 U.S. at 555.  When deciding, the Court may consider the

10 plaintiff's allegations and any "materials incorporated into the complaint by

11 reference . . . ." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049,

12 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S.

13 308, 322 (2007)).

## DISCUSSION

15 　　　Defendant moves the court to dismiss with prejudice Mr. Gordon's claim

16 arising under RCW 19.86.090, the CPA, via RCW 19.190.060(1), CEMA.  ECF

17 No. 11 at 22.

18 　　　CEMA was enacted in 1998 by the Washington Legislature to address

19 "unwanted [e-mail] messages collectively referred to as 'spam.'"  Final B. Rep. on

20 Second Engrossed Substitute H.B. 1888, 59th Leg., Reg. Sess. (Wash. 2005)

(defining "spam"); LAWS OF 1998, ch. 149, § 4 (codified in RCW 19.190.030). Sending a commercial e-mail containing false or misleading information constitutes a "violation of the consumer protection act." RCW 19.190.030; *Wright v. Lyft, Inc.,* 189 Wash. 2d 718, 724 (2017).

In 2003, lawmakers responding to the rise of unsolicited commercial text messages sent to cell phones amended CEMA seeking to "limit the practice" of unsolicited commercial text messages. Laws of 2003, ch. 137, § 1; *Wright*, 189 Wash. 2d at 724. The amendment to the CEMA precluded initiation or assisting the sending of a commercial text messages to Washington residents. *Id.* Specifically, RCW 19.190.060(1) provides:

> No person conducting business in the state may initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages.

In turn, CEMA provides the following definitions:

> "Assist the transmission" means actions taken by a person to provide substantial assistance or support which enables any person to formulate, compose, send, originate, initiate, or transmit a commercial electronic mail message or a commercial electronic text message when the person providing the assistance knows or consciously avoids knowing that the initiator of the commercial electronic mail message or the commercial electronic text message is engaged, or intends to engage, in any practice that violates the consumer protection act.

RCW 19.190.010(1).

ORDER DENYING MOTION TO DISMISS UNDER RULE 12(b)(6) ~ 5

"Initiate the transmission" refers to the action by the original sender of an electronic mail message or an electronic text message, not to the action by any intervening interactive computer service or wireless network that may handle or retransmit the message, unless such intervening interactive computer service assists in the transmission of an electronic mail message when it knows, or consciously avoids knowing, that the person initiating the transmission is engaged, or intends to engage, in any act or practice that violates the consumer protection act.

RCW 19.190.010(7).

Here, Plaintiff's statement of facts in the First Amended Complaint provides a series of allegations, redundantly and alternatively alleging that Defendant formulated the processes and procedures of the RAF program by which it either initiated or substantially assisted in the transmission of its commercial messages to its customers (subscribers) or "third party intermediaries," and for which it encouraged its customers to forward to others through the promise of remuneration in the form of free stock.  ECF No. 9 at 8-22.  In essence, Plaintiff alleges that Defendant paid its customers to distribute its commercial message to friends and family using the electronic mail message system, and this is alleged to have violated CEMA and consequently be a violation of the CPA.

Pleading in the alternative is certainly allowed.  Fed. R. Civ. P. 8(d).  "A party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.  Fed. R. Civ. P. 8(d)(2).

ORDER DENYING MOTION TO DISMISS UNDER RULE 12(b)(6) ~ 6

At this stage of the proceeding, Plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See Twombly*, 550 U.S. at 570.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant Robinhood Financial LLC's Motion to Dismiss, ECF No. 11, is **DENIED**.

2. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

DATED June 17, 2020.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO DISMISS UNDER RULE 12(b)(6) ~ 7