1

2

3

4

5  UNITED STATES DISTRICT COURT

6  EASTERN DISTRICT OF WASHINGTON

7  | ISAAC GORDON, individually and
   | on behalf of all those similarly
8  | situated,                            NO. 2:19-CV-0390-TOR
   |
9  |                        Plaintiff,    ORDER GRANTING PLAINTIFF'S
   |                                      MOTION FOR CLASS
   |                                      CERTIFICATION
10 |        v.
   |
11 | ROBINHOOD FINANCIAL LLC, a
   | Delaware limited liability company,
12 |
   |                        Defendant.
13

14       BEFORE THE COURT is Plaintiff's Motion for Class Certification (ECF

15  No. 58). This matter was submitted for consideration with telephonic oral

16  argument on January 21, 2021. Kirk D. Miller appeared on behalf of Plaintiff.

17  Kenneth E. Payson and Eric Franz appeared on behalf of Defendant. The Court

18  has reviewed the record and files herein, and is fully informed. For the reasons

19  discussed below, Plaintiff's Motion for Class Certification (ECF No. 58) is

20  **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 1

1

**BACKGROUND**

2

**A. Factual Background**

3

This case concerns the "Refer a Friend" ("RAF") marketing feature from

4

Defendant's online investment brokerage application, which Plaintiff alleges

5

violates the Washington Consumer Protection Act ("CPA") by way of the

6

Washington Commercial Electronic Mail Act ("CEMA"). The material facts are

7

largely undisputed for the purpose of this motion, and the Court must accept as true

8

the substantive allegations of the class claim. *See Blackie v. Barrack*, 524 F.2d

9

891, 901 n.7 (9th Cir. 1975).

10

Defendant is an online investment brokerage service that enables customers

11

to invest commission-free in stocks, exchange-traded funds, and options. ECF No.

12

58 at 10; ECF No. 65 at 10. Defendant created a referral program, RAF, where

13

customers can refer someone to sign up for Defendant's services whereby both the

14

customer and referee receive one share of free stock after the referee signs up.

15

ECF No. 65 at 10. Defendant provides various methods to customers to send a

16

referral, including via electronic text message. ECF No. 65 at 11-12.[1] Essentially,

17

when a customer opts to send a referral, Defendant creates an automated message

18

19

[1]    Plaintiff objects on the basis that Defendant describes current methods, not

20

methods available at the time Plaintiff received his referral. ECF No. 68 at 8-10.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 2

1  with a referral hyperlink to sign up that a customer may edit before sending.  ECF
2  No. 65 at 10-13.

3  In July 2019, Plaintiff, a Washington resident, received an unsolicited text
4  message from the RAF program, inviting Plaintiff to sign up for Defendant's
5  services via a hyperlink and stating "Your free stock is waiting for you!  Join
6  Robinhood and we'll both get a stock like Apple, Ford, or Facebook for free.  Sign
7  up with my link."  ECF No. 58 at 10-11.  The text message did not include an "opt-
8  out" or "stop" option to preclude further receipts of similar text messages.  ECF
9  No. 58 at 11-12.

10  **B.  Procedural Background**

11  Plaintiff initially filed a putative class action complaint against Defendants
12  Robinhood Financial LLC and Robinhood Markets Inc. in Spokane County
13  Superior Court.  ECF No. 1-1 at 5-16.  Defendants removed the action to federal
14  court on the basis of class action diversity jurisdiction under the Class Action
15  Fairness Act ("CAFA").  ECF No. 1 at 1-6.

16  Following removal, Plaintiff filed an Amended Complaint.  ECF No. 9.
17  Defendants then filed a Motion to Dismiss for lack of personal jurisdiction over
18  Defendant Robinhood Markets and a Motion to Dismiss for failure to adequately
19  allege a CEMA violation.  ECF Nos. 11-12.  The Court granted Defendants'
20  Motions to Dismiss without prejudice and granted Plaintiff leave to amend.  ECF

No. 18.  In the Order, the Court concluded that the amount-in-controversy was not sufficient to support diversity jurisdiction.  *Id.*  Upon reviewing the parties' cross motions for reconsideration (ECF Nos. 19, 22), the Court granted the parties leave to submit evidence establishing the amount-in-controversy.  ECF No. 29.  On June 3, 2020, the Court found Defendant Robinhood Financial LLC substantiated that the amount-in-controversy exceeds $5 million by potentially involving over 1,000 RAF recipients with Washington addresses.  ECF Nos. 34-35.

On November 23, 2020, Plaintiff filed the present Motion to Certify Class. ECF No. 58.  Plaintiff proposes the following class definition:

> All persons, as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a); who are Washington residents; to whom the Defendant initiated or assisted in the transmission or one or more commercial electronic text messages; to a cellular phone or pager service that is equipped with short message capability or any similar capability allowing the transmission of text messages; without obtaining the recipients' clear and affirmative consent to receive such messages in advance; within the previous four (4) years; through the date that the class is certified.

The parties filed their respective response and reply (ECF Nos. 65, 68) before the matter was heard with oral argument.

## DISCUSSION

### A.  Class Certification Standard

Certification of a class action lawsuit is governed by Rule 23 of the Federal Rules of Civil Procedure.  *See Marlo v. UPS, Inc.*, 639 F.3d 942, 947 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION ~ 4

2011) ("Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law.").  Pursuant to Rule 23(a), the party seeking class certification must demonstrate that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).

Provided the proposed class satisfies the above criteria, courts must further determine whether certification is appropriate under Rule 23(b).  Where a party seeks certification of a so-called "damages class" under Rule 23(b)(3), as here, he or she must demonstrate that (1) "questions of law or fact common to class members predominate over any questions affecting only individual members;" and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  As the party moving for certification, the plaintiff bears the burden of establishing that the foregoing requirements have been satisfied.  *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 588 (9th Cir. 2012).

A court presented with a class certification motion must perform a "rigorous analysis" to determine whether each of these prerequisites has been satisfied.  *Gen.*

1   *Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982).  "Frequently that 'rigorous analysis'

2   will entail some overlap with the merits of the plaintiff's underlying claim."  *Wal-*

3   *Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011); *see also Ellis v. Costco*

4   *Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (emphasizing that a district

5   court "must" consider the merits of a plaintiff's claim to the extent that they

6   overlap with the prerequisites for class certification under Rule 23(a)).  That is,

7   "[a] party seeking class certification must affirmatively demonstrate his

8   compliance with the Rule—that is, he must be prepared to prove that there are *in*

9   *fact* sufficiently numerous parties, common questions of law or fact, etc."  *Wal-*

10  *Mart*, 564 U.S. at 350.  The ultimate decision to certify a class is within the Court's

11  discretion.  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir.

12  2009).

13       Here, Plaintiff moved to certify a class pursuing damages under

14  Washington's CEMA by way of Washington's CPA.

15  **B.  Rule 23(a) Requirements**

16  *1.  Numerosity*

17       Rule 23(a)(1) provides that a proposed class must be "so numerous that

18  joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "Whether

19  joinder would be impracticable depends on the facts and circumstances of each

20  case and does not, as a matter of law, require any specific minimum number of

class members." *Smith v. Univ. of Wash. Law Sch.*, 2 F. Supp. 2d 1324, 1340 (W.D. Wash. 1998) (citation omitted). "Generally, 40 or more members will satisfy the numerosity requirement." *Garrison v. Asotin Cty.*, 251 F.R.D. 566, 569 (E.D. Wash. 2008) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Conversely, the Supreme Court has indicated that a class of 15 "would be too small to meet the numerosity requirement." *Gen. Tel. Co. of the Nw., Inc. v. EEOC,* 446 U.S. 318, 330 (1980). "Where the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied." *Orantes-Hernandez v. Smith*, 541 F. Supp. 351, 370 (C.D. Cal. 1982).

To establish numerosity, Plaintiff relies on Defendant's sworn affidavit substantiating that the amount in controversy exceeds $5 million, potentially involving over 1,100 class members. ECF No. 58 at 18. Defendant argues that the affidavit's estimate does not satisfy Plaintiff's burden to show that there is a proposed class in fact sufficiently numerous and that Plaintiff has failed to identify a single additional putative class member. ECF No. 65 at 29-30. However, Defendant's large estimate based on data regarding RAF recipients with Washington addresses creates the common-sense inference that the class is sufficiently numerous that joinder of all members is impracticable. *See*

1   Defendant's Senior Data Scientist's sworn statement as to a reasonable estimate,

2   ECF No. 34 at 3-4.  Therefore, the numerosity requirement has been established.

3      *2.   Commonality*

4          Rule 23(a)(2) requires that "there are questions of law or fact common to the

5   class." Fed. R. Civ. P. 23(a)(2).  For purposes of this rule, "[c]ommonality exists

6   where class members' situations share a common issue of law or fact, and are

7   sufficiently parallel to insure a vigorous and full presentation of all claims for

8   relief." *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir.

9   2010) (internal quotation and citation omitted).  At its core, the commonality

10  requirement is designed to ensure that class-wide adjudication will "generate

11  common *answers* apt to drive the resolution of the litigation."  *Wal-Mart*, 564 U.S.

12  at 350 (internal quotation and citation omitted).

13         "This does not, however, mean that *every* question of law or fact must be

14  common to the class; all that Rule 23(a)(2) requires is a single *significant* question

15  of law or fact." *Abdullah v. U.S. Sec. Assoc., Inc.*, 731 F.3d 952, 957 (9th Cir.

16  2013) (quotation omitted).  "If a common question will drive the resolution, even if

17  there are important questions affecting only individual members, then the class is

18  'sufficiently cohesive to warrant adjudication by representation.'" *Jabbari v.*

19  *Farmer*, 965 F.3d 1001, 1005 (9th Cir. 2020) (quoting *Amchem Prods., Inc. v.*

20

1  *Windsor*, 521 U.S. 591, 623-24 (1997)).  Individual defenses do not necessarily

2  render a case unsuitable for class certification.  *Ellis*, 657 F.3d at 984.

3         To establish commonality, Plaintiff contends that "the common primary

4  question presented by the putative class is whether Defendant's commercial text

5  messages sent through its RAF marketing program violated the CPA vis à vis its

6  violation of CEMA."  ECF No. 58 at 20.  Defendant argues the "recitation of

7  Plaintiff's legal claim in general terms cannot satisfy commonality."  ECF No. 65

8  at 20.  Defendant further posits that, "Plaintiff does not explain how, for example,

9  the question of whether individual text message recipients consented could have a

10  'single' answer for all putative class members."  ECF No. 65 at 21.  Plaintiff raises

11  a single common question of law under CEMA among Washington text message

12  referees.  Defendant's concern about individualized inquiries regarding common

13  defenses such as consent do not defeat certification, *Ellis*, 657 F.3d at 984, and are

14  more appropriately addressed on the merits at trial, through summary judgment or

15  through decertification following discovery.  Therefore, the commonality

16  requirement has been established.

17    *3.  Typicality*

18         Rule 23(a)(3) requires that "the claims or defenses of the representative

19  parties [be] typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).

20  This requirement serves to ensure that "the interest of the named representative

aligns with the interests of the class." *Wolin*, 617 F.3d at 1175.  Factors relevant to

the typicality inquiry include "whether other members have the same or similar

injury, whether the action is based on conduct which is not unique to the named

plaintiffs, and whether other class members have been injured by the same course

of conduct." *Ellis*, 657 F.3d at 984.  Stated differently, "[t]ypicality refers to the

nature of the claim or defense of the class representative, and not to the specific

facts from which it arose or the relief sought."  *Id.*; *see also Stearns v. Ticketmaster

Corp.*, 655 F.3d 1013, 1019 (9th Cir. 2011), *abrogated on other grounds by

Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ("The typicality requirement looks

to whether the claims of the class representatives are typical of those of the class,

and is satisfied when each class member's claim arises from the same course of

events, and each class member makes similar legal arguments to prove the

defendant's liability.") (brackets omitted).

      To establish typicality, Plaintiff asserts that all putative class members have

suffered the same injury of receiving at least one unsolicited commercial text

message from Defendant.  ECF No. 58 at 22.  Defendant argues that "Plaintiff fails

to even describe, let alone provide evidence of, his factual circumstances in

comparison with those of other putative class members."  ECF No. 65 at 28.

However, Plaintiff has set forth the factual circumstances that demonstrates the

claims and defenses are typical of the class: the injury across class members is the

1  receipt of an unsolicited commercial text message, the course of conduct by

2  Defendant is the alleged transmission or aid of transmission of a commercial

3  electronic text message, and legal arguments are anticipated to be whether the text

4  messages were commercial or consented to.

5       Defendant's concern with Plaintiff's present failure and ability to identify

6  other class members is unpersuasive.  First, as discussed *supra*, Defendant's own

7  estimate demonstrates that there is a quantifiable number of individuals with

8  typical circumstances; Defendant substantiated that there are individuals with

9  Washington addresses who received a referral to Defendant's services from a text

10 message.  ECF No. 32.  Second, the Ninth Circuit does not require a plaintiff to

11 demonstrate an administratively feasible way to identify class members to qualify

12 for certification.  *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir.

13 2017).  Defendant's concerns are more appropriately addressed in a motion on the

14 merits through summary judgment or through decertification following discovery.

15 Therefore, the typicality requirement has been established.

16     *4.  Adequacy of Representation*

17      The final prerequisite for class certification under Rule 23(a)(4) is that "the

18 representative parties will fairly and adequately protect the interests of the class."

19 Fed. R. Civ. P. 23(a)(4).  This requirement applies to both the named class

20 representatives and to their counsel.  "To determine whether named plaintiffs will

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 11

1    adequately represent a class, courts must resolve two questions: (1) do the named

2    plaintiffs and their counsel have any conflicts of interest with other class members

3    and (2) will the named plaintiffs and their counsel prosecute the action vigorously

4    on behalf of the class?" *Ellis*, 657 F.3d at 985 (internal quotations omitted).

5         To establish adequacy of representation of class representative, Plaintiff

6    contends that he is committed to vigorously litigating this matter, has demonstrated

7    his commitment to serve as class representative by participating in counsel's

8    investigations of his claims, reviewed and approved the complaints, and paid a

9    judgment for attorney fees in this matter for voluntary dismissal of a former

10   Defendant.  ECF No. 58 at 23-24.  Moreover, Plaintiff asserts that there is no

11   indication at this early stage of litigation that he is ill-equipped to serve as class

12   representative for the duration of this case.  ECF No. 58 at 24.  To establish

13   adequacy of representation of class counsel, Plaintiff contends that counsel has

14   experience with class action lawsuits, has been found adequate counsel in many

15   other class action proceedings, has focused on issues of consumer rights, and has

16   committed and will continue to commit to the prosecution of this matter.  ECF No.

17   58 at 25.

18        Defendant objects to the named class representative's and named counsels'

19   ability to fairly and adequately represent the class on the basis that "Plaintiff's

20   counsel failed to take discovery before filing his motion for class certification" and

"filed his motion for class certification with almost no citations to evidence, in the process contravening Rule 23's requirements and this Court's local rules."  ECF No. 65 at 30.  Defendant's objection is unpersuasive.  *See Jiminez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 248 (C.D. Cal. 2006) (finding class counsel adequate despite defendants' arguments that plaintiffs' counsel submitted false declarations, gave incorrect information about a duty to comply with a subpoena, and frivolously instructed their clients not to answer deposition questions).

The Court finds no reason to doubt the competency or commitment of the class representative and class counsel, nor does the Court identify any conflicts at present.  Therefore, adequacy of representation has been established.

## C. Rule 23(b)(3) Requirements

### 1. Predominance

For purposes of Rule 23(b)(3), the relevant inquiry is whether common questions *predominate* over individualized questions.  *See Wolin*, 617 F.3d at 1172 ("While Rule 23(a)(2) asks whether there are issues common to the class, Rule 23(b)(3) asks whether these common questions predominate.").  Although Rule 23(a)(2) and Rule 23(b)(3) both address commonality, "the 23(b)(3) test is 'far more demanding,' and asks 'whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'"  *Id.* (quoting *Windsor*, 521 U.S. at 623-24).

1       Plaintiff asserts a claim under CEMA vis-à-vis the CPA.  ECF No. 58 at 27.

2   Under CEMA, a plaintiff must prove that a defendant conducting business in

3   Washington "initiate[d] or assist[ed] in the transmission of an electronic

4   commercial text message to a telephone number assigned to a Washington resident

5   for cellular telephone or pager service that is equipped with short message

6   capability or any similar capability allowing the transmission of text messages."

7   RCW 19.190.060(1).  However, there is no CEMA violation if a recipient provided

8   clear and affirmative consent.  RCW 19.190.070(b).  A CPA violation is

9   established with an RCW 19.190.060 violation in conjunction with CEMA's

10  damages provision.  *Wright v. Lyft, Inc.*, 189 Wash. 2d 718, 732 (2017) (CEMA

11  damages provision "establishes the injury and causation elements of a CPA claim

12  as a matter of law.").

13      Plaintiff contends predominance is satisfied where "the overarching

14  common question in this litigation is whether Defendant violated the CPA and

15  CEMA through its RAF program, whereby it either initiate or substantially assisted

16  in the transmission of commercial text messages to new potential customers

17  through its existing subscribers or 'third party intermediaries' by encouraging its

18  subscribers to forward through the promise of remuneration in the form of free

19  stock."  ECF No. 58 at 27.  Defendant argues that individual questions

20  predominate over any common question "to determine (1) who actually sent and

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 14

received each text message; (2) whether each recipient was a Washington resident; (3) the content of each text message, including whether each message was 'commercial' under CEMA; and (4) which text message recipients provided consent."  ECF No. 65 at 21.

Defendant's concern for individualized inquiries, also addressed *supra*, do not predominate over the common question and can be dealt with in other ways not fatal to class certification.  For example, Defendant's concern over which text messages were "commercial" is best suited for briefing on the merits; indeed, Plaintiff contends that any editing in promotional narrative would not remove a "commercial" designation under any circumstance.  ECF No. 68 at 6-7.  Moreover, the identity of class members will answer questions as to receipt of an RAF text message, Washington residency, and consent.  Therefore, the predominance requirement is satisfied.

## 2. Superiority

In considering whether class adjudication is superior to separate individual actions, a court must determine "whether the objectives of the particular class action procedure will be achieved in the particular case."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1023 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*, 564 U.S. at 338.  In making this determination, the court must consider, *inter alia*, (1) the interests of individual class members in pursuing their claims

separately; (2) the extent of any existing litigation concerning the same subject-matter; (3) the desirability of concentrating the litigation in a particular forum; and (4) the feasibility of managing the case as a class action.  Fed. R. Civ. P. 23(b)(3)(A)-(D).  A court's consideration of these factors must "focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis."  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190 (9th Cir.), *opinion amended on denial of reh'g*, 273 F.3d 1266 (9th Cir. 2001) (quotation and citation omitted).

First, Plaintiff contends that superiority is satisfied due to the the potentially substantial number of Washington consumers who seek to recover $500 in statutory damages per text, with the possibility of $1,500 per text if the Court awards exemplary damages.  ECF No. 58 at 30.  Second, Plaintiff is not aware of any other litigation concerning the same subject matter involving Defendant.  *Id.* Third, Plaintiff identified several core legal questions that may be amenable to summary judgment on a class-wide basis.  *Id.* at 30-31.  Finally, the damages for class members is straightforward based on statutory damages plus any exemplary damages at the Court's discretion.  *Id.* at 31.

Defendant claims that Plaintiff failed to demonstrate that the case would be manageable and asserts that the damages are large enough for individual members

to pursue.  ECF No. 65 at 31-32.  Defendant's arguments are unpersuasive.  Class action will promote efficiency and economy in this matter: class adjudication would serve the interest of individual class members for whom the potential recovery may be small in comparison to the costs of litigation, there is no known litigation concerning the same subject-matter, this is an appropriate forum for Washington consumers, and the case appears to be feasibly managed as a class action.  Any future management concerns may be addressed with a "variety of procedural tools" to ease administrative burdens.  *Briseno*, 844 F.3d at 1128.  Therefore, the superiority element is satisfied.

The Court finds that Plaintiff has satisfied the requirements for class certification.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Class Certification (ECF No. 58) is **GRANTED**.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the Court hereby certifies the following Class in this case:

   a. All persons, as that term is defined in RCW 19.190.010(11) and RCW 19.86.010(a); who are Washington residents; to whom the Defendant initiated or assisted in the transmission or one or more commercial electronic text messages; to a cellular phone or pager service that is equipped with short message capability or any similar capability

allowing the transmission of text messages; without obtaining the recipients' clear and affirmative consent to receive such messages in advance; from October 4, 2015 to January 25, 2021.

3. Pursuit to Fed. R. Civ. P. 23(c)(1)(B), the Court hereby certifies the following claim, including all damages related thereto:

   a. The claim that Defendant initiated or assisted in the transmission of one or more commercial electronic text messages to class members without first obtaining those recipients' clear and affirmative consent to receive such messages.

4. Excluded from the Class is the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

5. Plaintiff Isaac Gordon is appointed as the Class Representative.

6. Kirk D. Miller of Kirk D. Miller, P.S. is appointed as Class Counsel. Brian G. Cameron and Shayne J. Sutherland of Cameron Sutherland, PLLC are appointed as Co-Class Counsel.

7. Pursuant to Rule 23(c)(2)(B), within fourteen (14) days from the date of this Order, class counsel shall serve and file a proposed "Notice" to members of the certified classes and suggest a method by which this

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 18

should be accomplished and at whose expense. This "Notice" shall comply with the requirements of Rule 23(c)(2)(B).

8. Defendant shall have fourteen (14) days from service of the proposed "Notice" to serve and file any objections to the same.

9. Class counsel shall have seven (7) days from service of any objection to serve and file a reply to the same.

10. The Court will thereafter Order Notice to be provided and by whom.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** January 25, 2021.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS
CERTIFICATION ~ 19