Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Avenue, Ste. 660
Spokane, WA 99201
(509) 413-1494 Telephone
kmiller@millerlawspokane.com
*Attorney for Plaintiff*

Brian G. Cameron, WSBA #44905
CAMERON SUTHERLAND, PLLC
421 W. Riverside Avenue, Ste. 660
Spokane, WA 99201
(509) 315-4507 Telephone
bcameron@cameronsutherland.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated, | Case No.: 2:19-cv-0390 TOR |
| Plaintiff, | **DECLARATION OF COUNSEL BRIAN G. CAMERON RE: DEFENDANT'S REPLY TO MOTION FOR STAY** |
| vs. | |
| ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company, | |
| Defendant. | |

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 1

Brian G. Cameron declares under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, the following:

1. I over the age of 18 and not a party to this action.

2. I am a counsel of record for the Plaintiff and the class in this matter per ECF No. 72.

3. I make this declaration based on my personal knowledge and in response to the allegations made by the Defendant against myself, my family members, and my firm in ECF Nos. 107-119.

4. The Defendant's claim that I or my co-counsel have "all but conceded" any merit to their allegations is false.

5. Prior to a discovery conference with Defendant's counsel on May 20, 2021, Plaintiff supplemented responses with all communications in his possession between himself and John Cameron.

6. Following the parties' May 20, 2021, discovery conference, Plaintiff further agreed to supplement discovery with relevant and non-privileged documents, including a privilege log, between himself and certain third parties, including his counsel, Brian Cameron and Kirk Miller.

7. I believe this supplemental production will resolve and disprove Defendant's allegations against myself and my firm.

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 2

8. Rather than allow sufficient time to receive and review this supplemental production, which flatly undermines Defendant's allegations, Defendant's counsel filed a contentious and misleading Reply, (ECF No. 119), suggesting that Plaintiff's counsel had agreed with or conceded to its allegations, which is absolutely not the case.

9. I am the brother of John Cameron, who has been identified as the sender of the commercial text message that is the subject of the Plaintiff's Complaint.

10. I am the father of Ewan Cameron, a 21-year-old University of Washington student now residing in Seattle.

11. Since March 15, 2017, my firm has employed my son, Ewan Cameron, as an assistant at our firm based on his availability as a full-time university student. A true and correct copy of Ewan Cameron's Form W-4 Withholding Certificate, with his social security number redacted, is attached hereto as **Exhibit A**.

12. Since July 2019, Ewan Cameron has predominantly worked as an employee under the payroll of Kirk D. Miller, PS, although he has continued to provide support services to both firms.

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 3

13. On or about May 8, 2021, my teenage daughter was hospitalized at Sacred Heart Hospital's Intensive Care Unit in Spokane. During the course of my daughter's in-patient treatment, Ewan Cameron traveled to Spokane from his home in Seattle to assist our family-in-crisis, during which time he was served with Defendant's subpoena duces tecum and notice of deposition.

14. Neither John Cameron nor Ewan Cameron are members of the class, which specifically excludes "legal counsel for all parties to this action and all members of their immediate families."

15. I was a customer of Mr. Gordon's downtown Spokane wine bar from around the summer of 2016 until Mr. Gordon sold his business in October 2019.

16. My firm first represented Mr. Gordon beginning on or about June 16, 2019, on matters related to the prospective sale of his business. I have since represented Mr. Gordon on other motor vehicle, business, and consumer protection issues.

17. Beginning in July 2019, Mr. Gordon joined a table-top "D&D" gaming group consisting of myself, John Cameron, and some of my workmates and family members, including Ewan Cameron. Over the following months, various members this group met for gaming sessions several times.

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 4

18. On or about July 23, 2019, I met my brother at a local pizza parlor, during which time I sent him a Robinhood referral text message.

19. I did not instruct my brother to send this message to Mr. Gordon or anyone else.

20. The following day, on or about July 24, 2019, I invited my brother to join me and some colleagues for "Happy Hour" at a cocktail bar in downtown Spokane.

21. While we were socializing at the bar, I received a Robinhood referral text message from my brother, along with one from an online dating site.

22. I have since learned that my brother also sent a similar text message, at or near the same time, to Mr. Gordon and at least one other member of our "D&D" gaming group.

23. I did not instruct my brother to send these or other text messages to Mr. Gordon or any other member of our "D&D" gaming group.

24. My brother did not inform me at that time, or any time prior to filing Mr. Gordon's lawsuit, that he sent the text message that ultimately became the subject of Mr. Gordon's Complaint.

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 5

25. To the best of my knowledge, Mr. Gordon never arranged or consented with any person, including myself, my brother, my son, Nathan Budke, or anyone else, to receive the Defendant's referral text message.

26. To the best of my knowledge, Mr. Gordon was uncertain as to the identity of the sender of the text message at issue when he responded to the Defendant's discovery requests.

27. To the best of my knowledge, prior to an "intake" interview on August 14, 2020, on matters unrelated to this case, I had never met or otherwise communicated with Nathan Budke.

SIGNED this 26th day of May, 2021, at Spokane, Washington.

s/ *Brian G. Cameron*
BRIAN G. CAMERON, WSBA #44905

DECLARATION OF COUNSEL
BRIAN G. CAMERON RE:
DEFENDANT'S REPLY TO
MOTION FOR STAY - 6

## CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on this day I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system.

DATED this 26th day of May, 2021.

s/ *Teri A. Bracken*
Paralegal

DECLARATION OF COUNSEL BRIAN G. CAMERON RE: DEFENDANT'S REPLY TO MOTION FOR STAY - 7