Kirk D. Miller, WSBA #40025
KIRK D. MILLER, P.S.
421 W. Riverside Avenue, Suite 660
Spokane, Washington 99201
Telephone: (509) 413-1494
Email: kmiller@millerlawspokane.com

*Attorney for Plaintiff and the Class*

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:19-cv-0390 TOR<br><br>**BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF ISAAC GORDON**<br><br>**NOTED FOR CONSIDERATION: July 6, 2021**<br><br>**Without oral argument** |

### I.    INTRODUCTION

Berger Montague PC seeks leave to withdraw from representing Plaintiff Isaac Gordon. Plaintiff Gordon does not oppose this Motion and good cause exists to grant it. Mr. Gordon will not be prejudiced, and the interests of justice will be served, by separating representation of the Class from representation of Mr.

BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF ISAAC GORDON - 1
Case No. 2:19-cv-0390 TOR

Gordon. Granting the motion will not affect Berger Montague's willing participation in discovery related to Defendant's misconduct allegations. For these reasons, Berger Montague's motion should be granted.

## II.     FACTUAL BACKGROUND

Berger Montague has recognized the gravity of Robinhood's allegations since the moment they were made. To ensure that Berger Montague fulfills all of its ethical obligations, it retained ethics counsel immediately upon learning of Robinhood's allegations. (Declaration of E. Michelle Drake (Drake Decl.) ¶ 4.) Berger Montague has also sought and received Mr. Gordon's permission: 1) to withdraw Mr. Gordon as a class representative; 2) to withdraw from representing Mr. Gordon; and 3) to disclose what Berger Montague knew about the texts at issue and Mr. Gordon's relationship with the senders and when Berger Montague learned what it knew. (Drake Decl. ¶¶ 5, 7.) A separate motion seeking to withdraw Mr. Gordon as the class representative is being filed today.

At the time that Plaintiff's discovery responses were served on Defendant, Berger Montague believed that those responses were complete and accurate. (Drake Decl. ¶ 8.) Had Berger Montague known of the facts underlying Defendant's allegations earlier, it would not have become involved in this case. Berger Montague has represented plaintiffs in class action litigation for over fifty

years and has a well-earned reputation for integrity, honesty, and professionalism. Lead counsel from Berger Montague, E. Michelle Drake, has been a lawyer for twenty years. She has never been disciplined or subject to the kinds of allegations of lawsuit-manufacturing presented here, and has never been involved in a case in which any such allegations were made against her co-counsel. (Drake Decl. ¶ 10.)

Ms. Drake and Berger Montague recognize that responding to Defendant's allegations and forthcoming motions implicates numerous ethical responsibilities, including Berger Montague's duty of candor to the Court, its duty of confidentiality to its current client, Mr. Gordon, and its ethical duty to represent the interests of the certified Class as court-appointed class counsel. (Drake Decl. ¶ 11.) This Motion is intended to facilitate Berger Montague's compliance with all of those duties.

### III.    LEGAL STANDARD

Local Rule 83.2(d) governs withdrawal, but does not explicitly address the circumstance presented here, namely, a client represented by multiple firms when only one of those firms seeks leave to withdraw from the representation. The client would not be left unrepresented by Berger Montague's withdrawal and has consented to it. Nonetheless, in certain circumstances, such as when a client

seeks to substitute counsel from a new law firm for the client's existing counsel, leave of court is required. L.R. 83.2(d)(3). In such circumstances, withdrawal must be supported by good cause and the decision as to whether to permit counsel to withdraw is "within the sound discretion of the court." *Elf-Man, LLC v. Albright*, 2014 WL 12634929, at *1 (E.D. Wash. June 19, 2014). For purposes of this motion, Berger Montague presumes that leave of court is required for withdrawal, and that the good cause standard will govern.

**A.     Good Cause Exists to Allow Berger Montague to Withdraw from Representing Isaac Gordon.**

    1.     <u>Berger Montague's Withdrawal Would Not Have any Material Adverse Effects on the Interests of Mr. Gordon.</u>

A lawyer may withdraw from representing a client if "withdrawal can be accomplished without material adverse effect on the interests of the client." RPC 1.16(b)(1). Mr. Gordon has consented to the withdrawal. Mr. Gordon will continue to be represented by Mr. Cameron and Mr. Miller. Mr. Gordon's interests will be protected and Berger Montague's withdrawal would not cause any delay.

Berger Montague focuses its representation on plaintiffs in class action litigation. Berger Montague was not contacted by Mr. Gordon's counsel about this matter until after the Class had been certified. (Drake Decl. ¶ 9.) Berger

BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF ISAAC GORDON - 4
Case No. 2:19-cv-0390 TOR

Montague entered its appearance in this action after the Class was certified, and immediately moved to be appointed as class counsel, a request this Court granted. (ECF Nos. 91, 97). Berger Montague's representation of Mr. Gordon was therefore always premised on his role as a representative for a certified class, not his status as an individual plaintiff.

Given that Mr. Gordon no longer seeks to represent the Class, and that Berger Montague will not seek to substitute an alternative class representative, the class claims in this case cannot proceed. *See* Motion to Withdraw Isaac Gordon as the Class Representative. Accordingly, Berger Montague's expertise in class actions is no longer necessary in this action. Mr. Gordon will continue to be represented by two other law firms, both of whom have been involved in this case since its inception. After Berger Montague notified Mr. Gordon of its desire to withdraw from representing him, Mr. Gordon began communicating with Berger Montague only through his other counsel, Messrs. Miller and Cameron. Messrs. Miller and Cameron have also been handling Defendant's now-pending discovery requests. (Drake Decl. ¶ 12.) Mr. Gordon will suffer no prejudice from Berger Montague's withdrawal.

    2.    <u>Berger Montague's Representation of Mr. Gordon Has Been Rendered Unreasonably Difficult by his Conduct.</u>

As set forth above, at the time Mr. Gordon's original discovery responses

were served on Defendant, Berger Montague believed them to be complete and accurate. In Mr. Gordon's supplemental discovery responses, he has now stated that John Cameron, Attorney Cameron's brother, was his friend and sent him the text message at issue. Attorney Cameron has also submitted a declaration addressing these facts. (ECF No. 121.)

Berger Montague has no independent factual basis on which to assess the circumstances surrounding the initial texts sent to Mr. Gordon. It had no relationship with Mr. Gordon (or Mr. Cameron, or Mr. Miller, or anyone else related to either of their law firms) at the time the texts were sent. The first time Berger Montague learned about this lawsuit was after the Class had been certified.

The client's conduct in this litigation, as evidenced in part by his initial and revised discovery responses, has rendered Berger Montague's ongoing representation of the client unreasonably difficult.

**B.    Berger Montague's Withdrawal from Representing Mr. Gordon Would Not Hinder Discovery into Defendant's Misconduct Allegations.**

To the extent the Court has questions about the alleged misconduct, Berger Montague will fully cooperate in answering them, even if Berger Montague no longer represents Mr. Gordon or any other party to this action.

BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF ISAAC GORDON - 6
Case No. 2:19-cv-0390 TOR

**C.    Berger Montague's Withdrawal Would Not Affect Its Ability to Continue as Class Counsel Through Decertification.**

Mr. Gordon's Motion to Withdraw as the Class Representative, combined with the decision of counsel not to seek to substitute a class representative, would naturally lead to decertification. However, until such time as a decertification order is entered, class counsel has an obligation to protect the Class's interests. *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir. 2009) (observing "class counsel's fiduciary duty is to the class as a whole"); *Parker v. Anderson*, 667 F.2d 1204, 1211 (5th Cir. 1982) (noting that "courts have recognized that the duty owed by class counsel is to the entire class" and that class counsel must act in the best interest of the class as a whole).

Representing a certified class does not require class counsel to support the appointed class representative or to oppose decertification regardless of the facts and circumstances that arise. Rather, class counsel's obligation is to serve as an advocate for the legal interests of parties who are not personally before the Court. No class member has an interest in being represented by a representative who does not wish to serve in that capacity, or whose personal circumstances might prejudice the class's interests at trial. Yet, because the class members are not before the Court, they may need lawyers to articulate and advance their

desire *not* to continue forward.

In this case, it appears likely that no party will argue in support of continued class certification. However, the Class will likely still need counsel to speak on its behalf, such as by confirming that the Class does not oppose Mr. Gordon's withdrawal or decertification. Until such time as the Class is formally decertified, Berger Montague will continue to represent it.[1]

### IV.    CONCLUSION

Good cause exists to allow Berger Montague to withdraw from representing Plaintiff Gordon and the Court should grant its motion to withdraw.

---

[1] Should the Court wish for the Class to be represented by local counsel other than Messrs. Miller and Cameron during discovery on Defendant's allegations or during motion practice related to decertification, the Washington law firm of Terrell Marshall has agreed to serve as substitute local counsel for the Class. Messrs. Cameron and Miller would not oppose such a substitution. Given Mr. Gordon's Motion to Withdraw as the Class Representative, however, class counsel was hesitant to further complicate the proceedings by introducing new local counsel for a soon to be decertified class. (Drake Decl. ¶ 6.)

BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF ISAAC GORDON - 8
Case No. 2:19-cv-0390 TOR

RESPECTFULLY SUBMITTED AND DATED this 4th day of June, 2021.

BERGER MONTAGUE PC

By: /s/ E. Michelle Drake
E. Michelle Drake (*Admitted Pro Hac Vice*)
43 S.E. Main Street, Suite 505
Minneapolis, Minnesota 55414
Telephone: (612) 594-5999
Email: emdrake@bm.net

Sophia M. Rios (*Admitted Pro Hac Vice*)
BERGER MONTAGUE PC
12544 High Bluff Drive. Suite 340
San Diego, California 92130
Telephone: (858) 252-6649
Email: srios@bm.net

KIRK D. MILLER, P.S.

By: /s/ Kirk D. Miller, WSBA #40025
Kirk D. Miller, WSBA #40025
Email: kmiller@millerlawspokane.com
421 W. Riverside Avenue, Suite 660
Spokane, Washington 99201
Telephone: (509) 413-1494
Facsimile: (509) 412-1724

*Attorneys for the Plaintiff and the Class*

CERTIFICATE OF SERVICE

I, Kirk D. Miller, hereby certify that on June 4, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Kenneth E. Payson
>Email: kenpayson@dwt.com
>Eric Franz
>Email: ericfranz@dwt.com
>Lauren Rainwater
>Email: laurenrainwater@dwt.com
>DAVIS WRIGHT TREMAINE LLP
>920 Fifth Avenue, Suite 3300
>Seattle, Washington 98104
>Telephone: (206) 622-3150
>Facsimile: (206) 757-7700
>
>*Attorneys for Robinhood Financial LLC*

DATED this 4th day of June, 2021.

>KIRK D. MILLER, P.S.
>
>By: /s/ Kirk D. Miller
>Kirk D. Miller, WSBA #40025
>421 W. Riverside Avenue, Suite 660
>Spokane, Washington 99201
>Telephone: (509) 413-1494
>Email: kmiller@millerlawspokane.com
>
>*Attorney for the Plaintiff and the Class*

BERGER MONTAGUE PC'S MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL FOR PLAINTIFF ISAAC GORDON - 10
Case No. 2:19-cv-0390 TOR