Kenneth E. Payson, WSBA #26369
Lauren B. Rainwater, WSBA #43625
Eric A. Franz, WSBA #52755
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206.622.3150
Facsimile: 206.757.7700

The Honorable Thomas O. Rice

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON
## AT SPOKANE

ISAAC GORDON, an individual, and all those similarly situated,

        Plaintiff,

   v.

ROBINHOOD FINANCIAL LLC, a Delaware limited liability company,

        Defendant.

No. 2:19-cv-00390-TOR

**DEFENDANT'S MOTION TO DECERTIFY CLASS AND DISQUALIFY CLASS COUNSEL**

Hearing Date: July 26, 2021
Without Oral Argument

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION...................................................................................... 1

II.  BACKGROUND........................................................................................ 2

    A.   The Court Certified a Class Based on Plaintiff's Representations
        That He Did Not Consent to Receive Robinhood Referral Texts. ....... 2

    B.   Discovery Revealed That Brian Cameron's Brother and Brian's
        Son's Friend Sent Plaintiff the Referral Texts. ................................... 3

    C.   Brian Cameron's Son Initiated a Referral Text to Plaintiff................. 4

    D.   Plaintiff's Amended Discovery Responses Attempted to Correct
        Demonstrable Lies in His Initial Discovery Responses. ...................... 6

    E.   Berger Montague Seeks to File a Copycat Lawsuit. ........................... 7

    F.   Robinhood's Ongoing Discovery Into Plaintiff's and Class
        Counsel's Conduct Has Uncovered Additional Misconduct............... 8

III. ARGUMENT AND AUTHORITY ........................................................ 11

    A.   The Court Should Decertify the Class................................................ 11

        1.   Individualized Issues Will Predominate.................................... 11

        2.   Plaintiff Is an Inadequate Class Representative. ...................... 13

            a.   Plaintiff Is an Inadequate Representative Due to
                the Internal Conflict Amongst Class Members............. 14

            b.   Plaintiff Is an Inadequate Representative Due to
                His Dishonesty and Untrustworthiness......................... 16

            c.   Plaintiff Is an Inadequate Representative Due to
                His Disinterest in Serving as a Class
                Representative. ............................................................... 18

        3.   Plaintiff's Claims Are Atypical of the Class............................. 18

        4.   Class Counsel Are Inadequate.................................................. 19

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL
4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

|  | a. | Cameron Sutherland and Kirk Miller Are Inadequate Class Counsel. ............................................... 21 |
|  | b. | Berger Montague Is Inadequate Class Counsel. ............ 23 |

B.     Class Counsel Should Be Disqualified from Representing the Class. .................................................................................... 25

IV.     CONCLUSION ............................................................................ 25

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*,
  247 F.R.D. 156 (C.D. Cal. 2007) ...................................................................14

*Apple Computer, Inc. v. Super. Ct.*,
  126 Cal. App. 4th 1253 (2005) ......................................................................25

*In re Arris Cable Modem Consumer Litig.*,
  327 F.R.D. 334 (N.D. Cal. 2018) ...................................................................17

*Ballan v. Upjohn Co.*,
  159 F.R.D. 473 (W.D. Mich. 1994) ...............................................................20

*Ballew v. City of Pasadena*,
  2020 WL 4919384 (C.D. Cal. Apr. 13, 2020) ...............................................25

*Clark v. Cameron-Brown Co.*,
  72 F.R.D. 48 (M.D.N.C. 1976) ......................................................................25

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ...........................................................................14

*Dewey v. Volkswagen Aktiengesellschaft*,
  681 F.3d 170 (3d Cir. 2012) ..........................................................................14

*Donaldson v. Microsoft Corp.*,
  205 F.R.D. 558 (W.D. Wash. 2001) ..............................................................15

*Dubin v. Miller*,
  132 F.R.D. 269 (D. Colo. 1990) ....................................................................19

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) .........................................................................19

*Friedman-Katz v. Lindt & Sprungli (USA), Inc.*,
  270 F.R.D. 150 (S.D.N.Y. 2010) ...................................................................20

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Greenfield v. U.S. Healthcare, Inc.*,
   146 F.R.D. 118 (E.D. Pa. 1993) ...................................................................20

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) (overruled on other grounds by *Wal-Mart v. Dukes*, 564 U.S. 338 (2011)) ..............................................20

*Hirsch v. USHealth Advisors, LLC*,
   337 F.R.D. 118 (N.D. Tex. 2020) .........................................................19, 24

*J.H. Cohn & Co. v. Am. Appraisal Assocs.*,
   628 F.2d 994 (7th Cir. 1980) ..................................................................16

*Johnson v. Yahoo! Inc.*,
   2018 WL 835339 (N.D. Ill. 2018) ............................................................11

*Kaplan v. Pomerantz*,
   132 F.R.D. 504 (N.D. Ill. 1990) ...............................................................17

*Kelley v. Microsoft Corp.*,
   2009 WL 413509 (W.D. Wash. 2009) .........................................................12

*Kline v. Wolf*,
   702 F.2d 400 (2d Cir. 1983) ..................................................................17

*Miller v. RP On-Site, LLC*,
   2020 WL 6940936 (N.D. Cal. Nov. 25, 2020) ................................................17

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ...........................................................................14

*Physicians Healthsource, Inc. v. Masimo Corp.*,
   2019 WL 8138043 (C.D. Cal. Nov. 21, 2019) ............................................17, 20

*Pickett v. Iowa Beef Processors*,
   209 F.3d 1276 (11th Cir. 2000) ..............................................................14

*Poynter v. Ocwen Loan Servicing, LLC*,
   2017 WL 2779489 (W.D. Ky. June 27, 2017) ............................................20, 25

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ..................................................................11

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL

4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Savino v. Computer Credit, Inc.*,
  164 F.3d 81 (2d Cir. 1998)........................................................16

*Searcy v. eFunds Corp.*,
  2010 WL 1337684 (N.D. Ill. Mar. 31, 2010).....................................17

*Shields v. Valley Nat'l Bank of Ariz.*,
  56 F.R.D. 448 (D. Ariz. 1971)....................................................25

*Spinelli v. Cap. One Bank*,
  265 F.R.D. 598 (M.D. Fla. 2009)..................................................18

*Susman v. Lincoln Am. Corp.*,
  561 F.2d 86 (7th Cir. 1977)......................................................14

*Wagner v. Taylor*,
  836 F.2d 578 (D.C. Cir. 1987) ...................................................15

*Westways World Travel, Inc. v. AMR Corp.*,
  265 Fed. App'x 472 (9th Cir. 2008)...............................................11

*Williams v. Balcor Pension Inv'rs*,
  150 F.R.D. 109 (N.D. Ill. 1993)..................................................20

**State Statutes**

RCW 19.190...............................................................................12

Washington Commercial Electronic Mail Act ...............................................*passim*

Washington Consumer Protection Act ......................................................2

**Rules**

Fed. R. Civ. P. 23 .....................................................................*passim*

RPC 1.7.................................................................................25

RPC 3.3.................................................................................25

RPC 3.7.................................................................................25

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I. INTRODUCTION

Defendant Robinhood Financial LLC ("Robinhood") respectfully requests that the Court decertify the class and disqualify all class counsel from representing the class. **First**, discovery has demonstrated that individualized inquiries will predominate, including inquiries into whether class members consented to receipt of the referral text messages and whether class members received referral text messages. **Second**, Plaintiff Isaac Gordon ("Plaintiff") is an inadequate class representative because an inherent conflict exists within the class, as it includes those who allegedly were harmed by the referral texts, those who sent referral texts, and those who benefited from the referral texts. **Third**, Plaintiff is an inadequate class representative and his claims are atypical due to his dishonesty in discovery and the questions surrounding his involvement in manufacturing his claims. **Fourth**, class counsel are inadequate due to their failure to investigate Plaintiff's claims, their dishonesty or lack of diligence in responding to discovery, their roles in manufacturing Plaintiff's claims, their roles as fact witnesses, and/or their conflicts of interest.

For the same reasons that all class counsel are inadequate, all class counsel should also be disqualified from representing the class in this or future actions.

Given Berger Montague's ("Berger") stated intent to bring a copycat lawsuit using a class representative recruited in this action, Robinhood requests that the Court decertify the class and disqualify class counsel on all grounds enumerated in this motion to prevent Berger from using the class certification order in this case, obtained under false pretenses, to its tactical advantage in its forthcoming lawsuit.

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 1

4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II. BACKGROUND

### A. The Court Certified a Class Based on Plaintiff's Representations That He Did Not Consent to Receive Robinhood Referral Texts.

Plaintiff filed the present lawsuit alleging that Robinhood transmitted or assisted in the transmission of unsolicited text messages to him in violation of the Washington Commercial Electronic Mail Act ("CEMA") and the Washington Consumer Protection Act ("CPA"). *See* ECF Nos. 1-1, 9. Plaintiff alleges that he "did not consent, affirmatively or otherwise, to receive commercial electronic text messages from [Robinhood] or its intermediaries, agents, assistants, or proxies." ECF No. 9 ¶ 5.40. Plaintiff is represented by several attorneys, including local counsel Brian Cameron and Shayne Sutherland at Cameron Sutherland, PLLC, and Kirk Miller at Kirk D. Miller, P.S., who signed the original and amended complaints. *See id.* Plaintiff is also represented by *pro hac vice* counsel Michelle Drake and Sophia Rios from Berger. ECF No. 84.

On November 23, 2020—more than four months before the class certification deadline and before either party had conducted any discovery—Plaintiff moved to certify a class. ECF No. 58. Plaintiff sought to represent a class of Washington consumers who had received a Robinhood referral text message without providing clear and affirmative consent to receive such messages. *See id.* at 8. In support of his Motion for Class Certification, Plaintiff filed a declaration stating:

> I was surprised to receive the Defendant's [July 2019] text message because I did not know where it came from. I have never done any business with the Defendant and I never gave the Defendant any consent to send me any text messages.

ECF No. 60 ¶ 3.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

On January 25, 2021, the Court granted Plaintiff's motion and certified a class. ECF No. 72. The Court's order stated that Robinhood's concerns about the predominance of individualized inquiries and the lack of typicality could be addressed "through decertification following discovery." *Id.* at 9, 11.

**B.** **Discovery Revealed That Brian Cameron's Brother and Brian's Son's Friend Sent Plaintiff the Referral Texts.**

On April 29, 2021, Plaintiff served his first discovery responses, stating that he received two unsolicited text messages transmitted by or on behalf of Robinhood. ECF No. 108-4 at 16-17. He claimed he received a text message on July 23, 2019, from the phone number 509-990-2672, that his relationship with the sender of this text was "none," and that he did not provide the sender with his phone number. *Id.* On April 29, 2021, Plaintiff produced a screenshot of the July 23, 2019, text, which included a "nathanb4727" referral code. ECF No. 108-5. Plaintiff also claimed he received a text message on July 24, 2019, from the phone number 406-202-3711, that his relationship with the sender of this text was "uncertain," and that he was "uncertain" whether he provided the sender with his phone number. ECF No. 108-4 at 16-17. Plaintiff produced a screenshot of the July 24, 2019 text, which included a "johnc2246" referral code. ECF No. 108-6. This screenshot showed no other messages before or after the Robinhood referral text. *See id.* Plaintiff signed a verification declaring under penalty of perjury that the answers were true and correct. ECF No. 108-4 at 11. All class counsel included their electronic signatures on the responses. *Id.*

After receipt of Plaintiff's discovery responses, Robinhood's counsel

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 3
4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

conducted a reverse lookup of the phone number associated with the July 23, 2019, text message, which lookup provided with 86% certainty that the phone number belonged to "Nathan A Budke." Rainwater Decl. ¶ 2. This was consistent with the "nathanb4727" referral code in the text message that Plaintiff produced. ECF No. 108-5. Robinhood then reviewed its records and confirmed that the "nathanb4727" referral code belonged to Robinhood customer Nathan Budke. ECF No. 109 ¶ 4. Simple internet searches revealed that Mr. Budke is the friend of Ewan Cameron, who is class counsel Brian Cameron's son. ECF 108-9. Mr. Budke is also a client of Cameron Sutherland and Kirk Miller, who are local plaintiff's counsel in this case, in three CEMA lawsuits. ECF No. 118 at 9.

Robinhood's counsel also conducted a reverse lookup of the phone number associated with the July 24, 2019 text message, which lookup provided with 86% certainty that the phone number belonged to "John Cameron." Rainwater Decl. ¶3. This was consistent with the "johnc2246" referral code in the text that Plaintiff produced. ECF No. 108-6. Robinhood also reviewed its records and confirmed that the "johnc2246" referral code belonged to Robinhood customer John Cameron, who listed his phone number as 406-202-3711. ECF No. 109 ¶ 4. Public records revealed that John Cameron was a first degree relative of Brian Cameron, ECF No. 107 at 5, and Brian has since confirmed that John is his brother, ECF No. 121 ¶ 9.

### C. Brian Cameron's Son Initiated a Referral Text to Plaintiff.

Upon a search of its "Invited Contacts" database, Robinhood discovered that only one customer had initiated a text message to Plaintiff's phone number through the "Invited Contacts" method for sending a Robinhood referral link: Ewan

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 4

4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Cameron.  ECF No. 109 ¶ 2, Ex. A; *see also* ECF No. 65 at 5-6 (explaining "Invited Contacts" referral method).  On July 17, 2019, Brian Cameron's son Ewan Cameron used the Robinhood App to launch the "Invite Contacts" feature, allowed Robinhood to access the contacts stored in his mobile device, selected Plaintiff's phone number from his contacts, and chose to initiate a message to Plaintiff via the native text messaging application on Ewan's device.  ECF No. 109 ¶ 2.  **However, Robinhood's records lack information sufficient to determine whether Ewan Cameron tapped "send" on the text to Plaintiff.**  *Id.*  Plaintiff does not claim to have received a text from Ewan Cameron.  ECF No. 108-4.  Robinhood's records do not contain any record that Mr. Budke or John Cameron sent referral texts to Plaintiff, only that they initiated texts to an unknown recipient, because they did not use the "Invited Contacts" method.  *See* ECF No. 109 ¶ 2, Ex. A.

Robinhood's records show that on July 16, 2019 (the day before Ewan initiated a text to Plaintiff), Brian Cameron sent a referral link to Ewan Cameron using the same referral program on which Plaintiff bases this lawsuit, and that Ewan signed up for his Robinhood account using Brian Cameron's referral code.  ECF No. 109 ¶ 3, Ex. C; Vesdapunt Decl. ¶ 2.  As a result of that referral, both Brian and Ewan received free stock, which Brian redeemed.  *Id.*  On October 25, 2017, Brian also sent John Cameron a Robinhood referral link.  *Id.* ¶ 3; ECF No. 109 ¶ 5, Ex. G.  Both Brian and John received and redeemed free stock as a result.  Vesdapunt Decl. ¶ 3.  On July 23, 2019, the day before John sent the referral text to Plaintiff, Brian sent John another Robinhood referral text.  ECF No. 121 ¶ 18.

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 5
4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**D.    Plaintiff's Amended Discovery Responses Attempted to Correct Demonstrable Lies in His Initial Discovery Responses.**

After Robinhood's motion to stay identified evidence establishing that John Cameron sent Plaintiff the text message on which he bases his entire complaint, Plaintiff supplemented his interrogatory answers, revealing not only that he knew the identity of the sender—John Cameron—but also that he had a longstanding relationship with John Cameron, and that he provided John Cameron with his phone number. ECF No. 119-1 at 5-6. Plaintiff also produced additional screenshots of his texts with John Cameron, which show that Plaintiff texted with John before and after the July 24, 2019, referral text message, so Plaintiff could not possibly have been "uncertain" of who sent him the text message. *Id.* at 9-11.



Either Plaintiff or class counsel redacted these messages from the original

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   screenshot that Plaintiff produced to Robinhood.  *Cf.* ECF No. 108 Ex. 6.

2         On June 15 and 16, 2021, Plaintiff belatedly produced two group text chains

3   that included both Plaintiff and John Cameron, as well as Brian Cameron.

4   Rainwater Decl. Exs. 1, 2.  These chains include text messages between Plaintiff

5   and John Cameron from August, September, and October 2019, including an

6   exchange between only Plaintiff and John Cameron on September 28, 2019.  *Id.*

7         Plaintiff's counsel repeatedly assured Robinhood and the Court that Plaintiff

8   produced all communications with John Cameron.  ECF Nos. 121 ¶ 3; 136 at 4; 160

9   at 3.  This was untrue.  On June 22, 2021, as an exhibit to his reply to his motion to

10  quash, John Cameron provided his texts with Plaintiff from March 2019 to April

11  2020, which include dozens of additional texts that Plaintiff previously failed to

12  produce in discovery.  ECF No. 166-1.  Based on Plaintiff's many texts with John

13  Cameron before and after the Robinhood referral text at issue, including the group

14  texts with Brian Cameron, there can be no doubt that both Plaintiff and Brian were

15  well aware that John Cameron sent Plaintiff the referral text.

16      **E.    Berger Montague Seeks to File a Copycat Lawsuit.**

17        On May 12, 2021, Robinhood filed a motion to stay, seeking a stay of class

18  notice deadlines and discovery to Robinhood on class issues while Robinhood

19  investigated the circumstances surrounding the texts to Plaintiff.  ECF No. 107.

20  Plaintiff did not oppose Robinhood's stay request, but requested a broader stay of

21  all proceedings until Plaintiff could withdraw as class representative and Berger

22  could substitute in a new class representative.  ECF No. 117.  On May 13, 2021,

23  Berger posted an online advertisement soliciting a replacement class representative.

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 7

4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

ECF No. 156-1 at 4.

On May 26, 2021, the Court granted Robinhood's motion to stay and made clear that it would not entertain a "bait-and-switch." ECF No. 120. Berger then switched tactics and began positioning for decertification so that it could file a copycat lawsuit with a new class representative recruited through its advertisement for this case. *See* ECF Nos. 131, 133. Plaintiff filed a motion to withdraw as class representative, with his counsel claiming his disinterest in continuing as the class representative but without a corroborating declaration from Plaintiff. ECF No. 133. The motion described Berger's intent to file a new proposed class action with a new representative. *Id.* at 4. Berger sought leave to withdraw as counsel for Plaintiff, while remaining counsel for the class. ECF No. 131. Berger attorney Michelle Drake filed a declaration in support of the motion, claiming that she has "never been subject to the kinds of allegations of lawsuit-manufacturing presented here, and [has] never been involved in a case in which any such allegations were made against [her] co-counsel." ECF No. 132 ¶ 10.

F. **Robinhood's Ongoing Discovery Into Plaintiff's and Class Counsel's Conduct Has Uncovered Additional Misconduct.**

Robinhood issued subpoenas to Ewan Cameron, John Cameron, Nathan Budke, AT&T, and Verizon. *See* ECF No. 141. Those subpoenas are now the subject of motions practice. ECF Nos. 122-30, 140-53, 159-64. Robinhood is continuing to pursue discovery from Plaintiff, including discovery into Berger's solicitation of a new class representative, and may need to file a motion to compel.

While Robinhood's formal discovery efforts have been stonewalled,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 Robinhood has uncovered significant additional evidence of class counsel's

2 misconduct.  It appears that Cameron Sutherland and Kirk Miller have a long

3 history of manufacturing claims.  For example, Cameron Sutherland and Kirk

4 Miller also represent Plaintiff in *Gordon v. MOD Super Fast Pizza, LLC,* Spokane

5 Cty. Sup. Ct. Case No. 20-2-00148-32 (filed January 14, 2020), which is a putative

6 class action under CEMA involving a refer-a-friend text message that was sent ***nine***

7 ***minutes*** after the John Cameron Robinhood text.  ECF No. 108-1, Rainwater Decl.

8 ¶ 5.  In the MOD case, Plaintiff received a text from a user who registered with

9 MOD using the name "Tom Ripley" (the fictional con-man) and the email address

10 19jkc77@gmail.com.  Rainwater Decl. Ex. 3.  This email address includes the

11 initials for John Kenneth Cameron and his birth year of 1977, *see* ECF No. 108-8,

12 suggesting that John Cameron also sent the MOD referral text message.  After

13 MOD brought this connection to Brian Cameron's attention, Plaintiff voluntarily

14 dismissed his claims against MOD.  Rainwater Decl. Exs. 4, 5.

15 It also appears that Cameron Sutherland and Kirk Miller routinely encourage

16 their friends to make small purchases at cannabis stores, provide their phone

17 numbers for store loyalty programs, and then commence CEMA lawsuits when they

18 receive a text from the store.  For example, Mr. Miller initiated two CEMA putative

19 class actions dated July 13, 2020, on behalf of Rich Adams relating to loyalty

20 program texts from two different cannabis shops.  Rainwater Decl. Exs. 6, 7.  The

21 complaints (which were served but not filed in Spokane County Superior Court)

22 alleged that Mr. Adams received spam texts after he visited the two cannabis stores

23 on March 15, 2020.  *Id.*  During his deposition, Mr. Adams testified that ***Brian***

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Cameron drove him from one store to the next*.  *Id.* Exs. 8, 9.  After this revelation, Mr. Adams chose not to proceed with filing the lawsuits.  Rainwater Decl. ¶ 7.

Similarly, Cameron Sutherland and Kirk Miller represent Mr. Budke (Ewan Cameron's friend who initiated a Robinhood referral text to Plaintiff) in three putative CEMA class actions.  ECF No. 118 at 7.  Two of these lawsuits involve texts that Mr. Budke received after he visited to two different cannabis stores on July 25, 2020—one store in Kirkland, Washington and the other 20 miles away in Everett, Washington.  *Id.* Ex 11 ¶ 5.13; Ex. 10 ¶ 5.13.  Likewise, Cameron Sutherland and Kirk Miller represent Spencer Lively, who is an Instagram follower of Ewan Cameron, in two CEMA class actions.  *Id.* Ex. 15.  These lawsuits both involve texts that Mr. Lively received after he visited two different cannabis stores on June 21, 2020—one store in Bellevue, Washington, and the other 13 miles away in Seattle, Washington.  *Id.* Ex 13 ¶ 5.12; Ex. 14 ¶ 5.12.  Cameron Sutherland and Kirk Miller also represent Ethan Spencer in three CEMA class actions, two of which stemmed from Mr. Spencer's visits to two different cannabis stores on June 20, 2020, with the third from a visit on June 26, 2020.  *Id.* Ex. 16 ¶ 5.13; Ex. 17 ¶ 5.13; Ex. 18 ¶ 5.13.  It cannot be a mere coincidence that so many of Cameron Sutherland and Kirk Miller's clients visit multiple cannabis stores on the same day (at least one with Brian Cameron as chauffer), provide their phone numbers for loyalty programs, and then bring CEMA class actions.  Rather, it appears that the firms have perfected a routine of recruiting friends to conduct such visits for the purpose of generating CEMA class actions.

Robinhood's discovery into the conduct of class counsel and Plaintiff is

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1  ongoing.  Robinhood will supplement the record with additional evidence as it

2  discovers it.  However, due to Berger's aggressive efforts to force decertification,

3  Robinhood felt compelled to bring this motion without delay.

## III.  ARGUMENT AND AUTHORITY

### A.  The Court Should Decertify the Class.

"Decertification or modification of a class certification order is appropriate if,
in the course of litigation, the existing class fails to meet the requirements of Rule
23."  3 Newberg on Class Actions § 7:38 (5th ed. 2021).  "A district court may
decertify a class at any time."  *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966
(9th Cir. 2009); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies
class certification may be altered or amended before final judgment.").  District
courts have broad discretion in deciding whether to decertify a class.  *Westways
World Travel, Inc. v. AMR Corp.*, 265 Fed. App'x 472, 476 (9th Cir. 2008).

### 1.  Individualized Issues Will Predominate.

The Court should decertify the class because evidence developed after the
certification order confirms that individualized inquiries will predominate over any
common questions.  Rule 23(a)(2) requires a showing of "questions of law or fact
common to the class."  Under Rule 23(b)(3), common issues must also
"predominate over any questions affecting only individual members."  Where
individualized inquiries would predominate over common questions of law and fact,
decertification is proper.  *See Westways*, 265 Fed. App'x at 476 (affirming
decertification where claims required individualized inquiries into the defendant's
relationship with each class member); *Johnson v. Yahoo! Inc.*, 2018 WL 835339, at

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

*4 (N.D. Ill. 2018) ("Decertification, not redefinition, is the appropriate step in light of defendant's showing that individualized consent inquiries will predominate."); *see also Kelley v. Microsoft Corp.*, 2009 WL 413509, *9 (W.D. Wash. 2009). Here, recent discovery into Plaintiff's claims underscores that individualized issues will predominate, and the class should be decertified.

  ***First***, individualized issues of consent will predominate, as reflected in the circumstances surrounding just the texts that Plaintiff put at issue in this lawsuit. Plaintiff initially claimed not to know the sender of the July 24, 2019, text message, *see* ECF No. 108-4, but this was untrue—the text was sent by Plaintiff's friend (and his attorney's brother) John Cameron, *see* ECF No. 119-1. Robinhood is now investigating whether Plaintiff consented to the receipt of the July 24, 2019 text message. If so, his claim fails, as there is no CEMA violation when a recipient provides clear and affirmative consent. RCW 19.190.070(1)(b). And although Plaintiff identified the July 23, 2019 Robinhood referral text message as one that he alleges "Robinhood transmitted or assisted in transmitting," he has since "clarified" that this text message "is not a subject" of his claims. ECF No. 119-1. Robinhood is currently investigating whether Plaintiff abandoned his claims with respect to this text because he consented to it, or on other grounds. Further, Brian Cameron sent Robinhood referrals to Ewan and John Cameron—very likely with their consent as part of his orchestration of Plaintiff's claims, but further individualized discovery will be necessary to confirm. Regardless, the two referral text messages that Plaintiff received, as well as the referrals that Ewan and John Cameron received, exemplify how individualized inquiries will be necessary with respect to each and

**Davis Wright Tremaine LLP**
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

every class member (and each and every text message per class member) to determine the class member's relationship with the sender of the text(s) and whether the class member consented to receive the text(s).

**Second**, individualized inquiries will be necessary to determine whether class members actually received Robinhood referral text messages. Prior to entry of the stay, Plaintiff's counsel planned to identify class members using numbers with Washington area codes contained in Robinhood's "Invited Contacts" database. However, Robinhood's "Invited Contacts" database cannot universally determine whether the user actually *sent* a text message. ECF No. 65 at 5-6. For example, Robinhood's records show that only Ewan Cameron initiated a text message to Plaintiff using the "Invite Contacts" feature. ECF No. 109 ¶ 2. But Plaintiff claims that he never received a text message from Ewan and instead alleges receipt of two text messages that were not in Robinhood's database. *See* ECF No. 119-1 at 3-6. In other words, Robinhood's "Invited Contacts" database (on which Plaintiff's counsel intends to rely) suggested that Plaintiff received a referral text that he *did not* receive, and those records failed to identify the two text messages Plaintiff *did* receive. For each phone number, an individualized inquiry turning on the texting records of each individual class member would be necessary to determine whether the individual actually received the text message that a Robinhood user initiated.

### 2. Plaintiff Is an Inadequate Class Representative.

A class action may be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Basic consideration of fairness [sic] require that a court undertake a stringent and

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

continuing examination of the adequacy of representation by the named class representatives at all stages of the litigation …." *Susman v. Lincoln Am. Corp.*, 561 F.2d 86, 89–90 (7th Cir. 1977) (citation omitted); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("[T]he Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members.") (citation omitted).  Plaintiff is an inadequate representative of the class.

### a.  Plaintiff Is an Inadequate Representative Due to the Internal Conflict Amongst Class Members.

Adequate representation of a class requires "an absence of antagonism" between members of the class and the class representative.  *See Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994); *see also* 1 McLaughlin on Class Actions § 4:27 (17th ed. 2021).  Here, Plaintiff fails to satisfy Rule 23's adequacy requirement because he seeks to represent both those who allegedly were harmed by the Robinhood referral text messages, as well as those who engaged in the transmission of those texts and/or who benefitted from the transmission of the texts.

"[N]o circuit approves of class certification where some class members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representatives of the class…." *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007); *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 184 (3d Cir. 2012) ("A fundamental conflict exists where some class members claim to have been harmed by the same conduct that benefitted other members of the class.") (quotation and brackets omitted); *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2000)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1 ("[A] class cannot be certified … when it consists of members who benefit from the
2 same acts alleged to be harmful to other members of the class.").  Discovery in this
3 matter has demonstrated that the class contains both those who were allegedly
4 harmed by the receipt of Robinhood referral text messages, as well as those who
5 derived a benefit from those referrals.  For example, Brian Cameron referred both
6 his brother John and his son Ewan.[1]  ECF No. 109 ¶¶ 3, 5.  As a result, Brian, John,
7 and Ewan received a free stock, which Brian and John redeemed.  Vesdapunt Decl.
8 ¶¶ 2, 3.  Thus, assuming Brian's referrals were by text, John and Ewan would be
9 members of the class (if not for familial relationship with class counsel) yet derived
10 an economic benefit from the alleged conduct.  This is true for anyone who received
11 a referral text, was approved for a Robinhood account, and redeemed the free stock,
12 which would likely comprise a significant portion of the class.

13      Additionally, a class representative cannot adequately represent a class that
14 contains both those who were allegedly harmed by the complained-of behavior and
15 those who allegedly engaged in that behavior.  *See Donaldson v. Microsoft Corp.*,
16 205 F.R.D. 558, 568 (W.D. Wash. 2001) (declining to certify class, in part, due to
17 conflict where the class would include both those who implemented the
18 complained-of behavior and those who allegedly suffered under it); *see also*
19 *Wagner v. Taylor*, 836 F.2d 578, 595 (D.C. Cir. 1987) (same).  Here, discovery has
20

21 [1] While the current class definition excludes class counsel's immediate family
22 members, the circumstances surrounding these referrals are illustrative of issues that
23 will be prevalent throughout the class.

DEF.'S MOTION TO DECERTIFY CLASS
AND DISQUALIFY CLASS COUNSEL - 15

4849-6546-7114v.19 0114672-000001

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

emphasized that Plaintiff represents a class that contains both those who were allegedly harmed by the receipt of Robinhood referral text messages, as well as those who sent such texts. For example, Brian Cameron sent his brother, John, a Robinhood referral. ECF No. 109 ¶ 5. John, in turn, sent a Robinhood referral text message to Plaintiff. ECF No. 108-6. If not for a familial relationship with class counsel (and if he did not provide consent), John would be both a member of the class and an individual who engaged in the allegedly unlawful transmission of a commercial electronic text message. Because the class contains both those who sent and received allegedly unlawful text messages, decertification is warranted.

Additionally, Robinhood's customer agreement includes an indemnification provision for any claims relating to a customer's use of the Robinhood app or website. ECF No. 109-8 ¶ 17. Thus, Robinhood has a contractual claim for indemnification against all class members who, like John, sent a referral text message after receiving one. *Id*. This is an additional ground for finding plaintiff's representation to be inadequate, requiring decertification. *See J.H. Cohn & Co. v. Am. Appraisal Assocs*., 628 F.2d 994, 999 (7th Cir. 1980) ("[T]he presence of even an arguable defense peculiar to … a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation.").

### b. Plaintiff Is an Inadequate Representative Due to His Dishonesty and Untrustworthiness.

To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff. *Savino v. Computer Credit, Inc.*, 164 F.3d

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

81, 87 (2d Cir. 1998); *see also Physicians Healthsource, Inc. v. Masimo Corp.*, 2019 WL 8138043, at \*11 (C.D. Cal. Nov. 21, 2019).  A class representative is inadequate where, as here, "the representative's credibility is questioned on issues directly relevant to the litigation or there are confirmed examples of dishonesty."  *In re Arris Cable Modem Consumer Litig.*, 327 F.R.D. 334, 356 (N.D. Cal. 2018) (citation omitted); *see also Miller v. RP On-Site, LLC*, 2020 WL 6940936, at \*9 (N.D. Cal. Nov. 25, 2020); *Kline v. Wolf*, 702 F.2d 400, 403 (2d Cir. 1983).  Decertification is proper when a class representative proves to be inadequate due to dishonesty or credibility issues.  *See Kaplan v. Pomerantz*, 132 F.R.D. 504, 510 (N.D. Ill. 1990) (decertifying class when the class representative lied in a deposition about issues "of marginal relevance" to the lawsuit); *Searcy v. eFunds Corp.*, 2010 WL 1337684, at \*5 (N.D. Ill. Mar. 31, 2010) (decertifying class due to class representative's inadequacy where evidence "cast significant doubt on the veracity of [the class representative's] sworn statement").

Plaintiff is an inadequate class representative due to credibility issues and irrefutable examples of dishonestly.  While Robinhood is continuing to investigate Plaintiff's involvement in the manufacturing of his claims, the circumstances at the very least raise questions about Plaintiff's credibility on issues directly relevant to the litigation.  For example, Plaintiff claimed that the Robinhood referral text message underpinning his claims was unsolicited, but has now admitted it came from his friend John Cameron, who also happens to be the brother of his attorney.  Additionally, Plaintiff's amended interrogatory responses and subsequent document productions provide confirmed examples of dishonesty.  Plaintiff affirmatively lied

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

under penalty of perjury about an issue central to the case, *i.e.,* his supposed "uncertainty" about his relationship with John Cameron, the sender of the July 24, 2019 text message.  Furthermore, Plaintiff and his counsel included in the Complaint and Amended Complaint and initially produced a text screenshot that omitted John Cameron's Robinhood username and omitted other responsive text messages with him.  And, even after Plaintiff assured the Court on three occasions that he had produced all texts with John Cameron, John Cameron's June 22, 2021, filing of additional texts with Plaintiff demonstrated that this was false.  Plaintiff faces profound credibility issues and is an inadequate class representative.

### c. Plaintiff Is an Inadequate Representative Due to His Disinterest in Serving as a Class Representative.

Finally, Plaintiff is an inadequate class representative, and the class should be decertified, due to his supposed disinterest in serving as a class representative.  In Plaintiff's Motion to Withdraw as Class Representative, Plaintiff's counsel represents that "Mr. Gordon does not wish to serve as a class representative."  ECF No. 133 at 6.  If true, this alone is grounds to find Plaintiff an inadequate class representative.  *Spinelli v. Cap. One Bank*, 265 F.R.D. 598, 614 (M.D. Fla. 2009).

### 3. Plaintiff's Claims Are Atypical of the Class.

A class action may only be maintained if "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Rule 23(a)'s typicality requirement is not satisfied where, as here, the class representative's "unique background and factual situation require[] him to prepare to meet defenses that [are] not typical of the defenses which may be raised

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

against other members of the proposed class." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (citations and quotations omitted). The reason for this rule is that "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Id.* (citations and quotations omitted). Where a plaintiff's credibility is subject to attack, his claims are atypical and decertification is proper. *See Dubin v. Miller*, 132 F.R.D. 269, 272 (D. Colo. 1990). Additionally, a plaintiff's claims are not typical where there are allegations that he manufactured his claims. *See Hirsch v. USHealth Advisors, LLC*, 337 F.R.D. 118, 134 (N.D. Tex. 2020) (denying class certification due, in part, to lack of typicality where plaintiff allegedly plotted with his counsel to generate and profit from TCPA lawsuits, resulting in defenses unique to the named plaintiff).

Here, Plaintiff faces significant credibility issues, as he lied in initial discovery responses and in his declaration supporting his class certification motion. *Supra* § II.D. Additionally, he or his counsel omitted from productions the full text exchanges with John Cameron—the sender of the July 24, 2019 text message. *Id.* These credibility attacks alone render his claims atypical. Of course, even more concerning are the circumstances surrounding the referral text messages that Plaintiff received, which suggest that he manufactured his claims in connection with class counsel. Plaintiff's claims are atypical, requiring decertification of the class.

### 4. Class Counsel Are Inadequate.

The Court should also decertify the class due to the inadequacy of all class counsel. *See Dubin*, 132 F.R.D. at 272 (decertifying class, in part, due to inadequacy of class counsel). "[I]n considering whether the proposed class

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

counsels are adequate, the Court may consider the honesty and integrity of the putative class counsels, as they will stand in a fiduciary relationship with the class." *Friedman-Katz v. Lindt & Sprungli (USA), Inc.*, 270 F.R.D. 150, 160 (S.D.N.Y. 2010). Class counsel are inadequate when they are complicit in misrepresentations made in discovery. *See id.*; *see also Physicians Healthsource*, 2019 WL 8138043, at *11 (class counsel was inadequate when it was "recklessly indifferent to the truth" in discovery responses in related action).

Additionally, in considering the adequacy of class counsel, courts examine the counsel's diligence in investigating the plaintiff's claims. *See Ballan v. Upjohn Co.*, 159 F.R.D. 473, 489 (W.D. Mich. 1994) ("This failure to make a reasonable pre-filing investigation of proposed class representatives is sufficient to find counsel inadequate."); *Williams v. Balcor Pension Inv'rs*, 150 F.R.D. 109, 119 (N.D. Ill. 1993) (denying class certification in part because of inadequacy of counsel due to failure to investigate proposed class representatives); *Greenfield v. U.S. Healthcare, Inc.*, 146 F.R.D. 118, 128 (E.D. Pa. 1993) (attorney may not discharge his or her duty to investigate by relying upon the inquiry conducted by another attorney).

Class counsel also cannot adequately represent a class where conflicts of interest exist or where class counsel is a necessary fact witness. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (overruled on other grounds by *Wal-Mart v. Dukes*, 564 U.S. 338 (2011)); *Friedman-Katz*, 270 F.R.D. at 160; *Ballan*, 159 F.R.D. at 489; *Poynter v. Ocwen Loan Servicing, LLC*, 2017 WL 2779489, at *12 (W.D. Ky. June 27, 2017). All class counsel are inadequate due to their credibility issues, their failure to conduct reasonable inquiries into Plaintiff's

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

claims, their status as fact witnesses in this case, and their conflicts of interest.

### a. Cameron Sutherland and Kirk Miller Are Inadequate Class Counsel.

Brian Cameron, Shayne Sutherland, and Kirk Miller are inadequate class counsel. First and foremost, the honesty and integrity of these attorneys are directly called into question by the circumstances surrounding the referral text messages to Plaintiff. Robinhood is vigorously investigating Brian Cameron's role in involving his family and son's friend to transmit the referral texts to Plaintiff, calling into question the integrity of Brian Cameron and his firm. This alone warrants a finding that Brian Cameron and his partner Shayne Sutherland are inadequate.

While Kirk Miller may attempt to distance himself from this conduct, his close ties with Cameron Sutherland, PLLC tell a different story. The two firms share an office suite and legal personnel; Ewan Cameron (who appears to have played a key role in the transmission of the texts) was a Kirk Miller, P.S. employee; and Brian Cameron, Mr. Sutherland, and Kirk Miller have a long history of bringing apparently-manufactured CEMA claims. *See supra* § II.F. Existing evidence raises the reasonable inference that Kirk Miller was aware of or participated in the scheme to manufacture Plaintiff's claims, rendering him inadequate class counsel.

To the extent that they did not manufacture Plaintiff's claims, Brian Cameron, Mr. Sutherland, and Mr. Miller are inadequate class counsel due to their failure to investigate Plaintiff's claims and their role in allowing their client to falsely swear that he was "uncertain" about his relationship with John Cameron. Had the firms conducted any reasonable inquiry into Plaintiff's claims, they would

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

have quickly discovered that Brian Cameron's brother sent the text message depicted in the complaint, and that the other text messages in the chain demonstrated that Plaintiff had a friendly relationship with the sender of the text. To the extent the firms claim no involvement in the manufacturing of the claims, both firms at the very least failed to conduct a basic inquiry into Plaintiff's claims. Additionally, both firms facilitated false or misleading discovery responses and document productions, claiming that Plaintiff's relationship with John Cameron was "unknown" and redacting relevant and responsive texts from productions.

These attorneys are also critical fact witnesses in this case, rendering them inadequate class counsel. In response to the motion to stay, Brian Cameron filed a declaration that provides fact testimony regarding critical aspects of Plaintiff's claim. ECF No. 121 ¶¶ 17-27. Given Brian Cameron's apparent role in manufacturing Plaintiff's claim, Brian is a necessary witness in this case. His co-counsel, Mr. Miller and Mr. Sutherland, are also necessary witnesses regarding their communications with Brian Cameron relating to these facts.

Additionally, Brian Cameron, Mr. Sutherland, and Mr. Miller are inadequate class counsel due to conflicts of interests. A direct familial relationship exists between Brian Cameron and his brother John, who sent Plaintiff the text message that Plaintiff claims was unlawful and unsolicited. These relationships create a conflict of interest because they incentivize class counsel to take actions adverse to the class's interest for to protect themselves and their family and friends, whose legal interests in this case are adverse to Plaintiff's and the class's interests.

A conflict of interest also exists between class counsel. Ms. Drake claims

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

that Mr. Miller and Mr. Cameron "no longer involve Berger Montague in decision making regarding the representation of" the sole class representative, and that Berger "is no longer participating in counseling or representing" the sole class representative. ECF No. 139 ¶¶ 4-5. Class counsel are visibly at odds with each other not only as to litigation strategy but as to who should represent the class and whether Brian Cameron and Plaintiff meet Rule 23's adequacy requirement. For all these reasons, Cameron Sutherland and Kirk Miller are inadequate class counsel.

### b. Berger Montague Is Inadequate Class Counsel.

The circumstances of this case also raise serious questions about the honesty and integrity of *pro hac vice* counsel Berger. Robinhood has served Berger with questions that probe Berger's knowledge of the manufacturing of Plaintiff's claims. Rainwater Decl. Exs. 19, 20. At the very least, Berger failed to conduct basic diligence into the factual underpinnings of Plaintiff's claims before agreeing to represent Plaintiff and the class. Berger apparently did not conduct any diligence into the text message depicted in the Amended Complaint, because a simple reverse lookup of that phone number would have revealed that Brian Cameron's brother, John Cameron, sent the July 24, 2019 text. Additionally, Berger apparently failed to examine the full text chain containing the July 24, 2019 text, which chain revealed that Plaintiff had an ongoing, friendly relationship with the sender. Berger likewise apparently failed to conduct any diligence into the accuracy of Plaintiff's discovery responses and document productions despite signing those responses. These failures to conduct any due diligence warrant a finding of inadequacy.

Berger attorney Ms. Drake's June 4, 2021 declaration also raises credibility

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

issues.  In that declaration, Ms. Drake claimed that she has "never been subject to the kinds of allegations of lawsuit-manufacturing presented here, and [has] never been involved in a case in which any such allegations were made against [her] co-counsel."  ECF No. 132 ¶ 10.  This is untrue.  In November 2020, a court denied class certification in a case in which Ms. Drake was counsel based in part on defendants' fraud counterclaim that plaintiff manufactured his claims with the assistance of Ms. Drake's co-counsel.  *See Hirsch*, 337 F.R.D. at 134; *see also* ECF Nos. 155 at 8-10, 156 ¶ 3, Exs. 2-5.  Ms. Drake attempts to distance herself from the claim manufacturing in *Hirsch* by arguing that defendants' fraud counterclaim predated her involvement in the case and was initially discounted by the court.  *See* ECF No. 171.  But just six months ago, while Ms. Drake was plaintiff's counsel, the court ***denied class certification*** in large part due to the allegations of claim manufacturing and ***denied plaintiff's summary judgment motion on defendants' fraud counterclaim***.  *See Hirsch*, 337 F.R.D. at 134; Rainwater Decl., Ex. 21.

Berger's attorneys have also made themselves fact witnesses.  They have knowledge from their communications with Brian Cameron, Mr. Miller, and Plaintiff regarding the manufacturing of his claim, have retained ethics counsel for that reason, and have agreed to respond in writing to Robinhood's written questions regarding what they knew and when they knew it.  ECF No. 139 ¶ 8.  Berger also is inadequate class counsel due to conflicts of interest.  Berger has made explicit their interest in filing a new lawsuit, which requires decertification and therefore is antagonistic to the interests of the class they currently represent.  For these reasons, Berger is inadequate class counsel, and the class should be decertified.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**B.    Class Counsel Should Be Disqualified from Representing the Class.**

Robinhood also requests that the Court enter an order (i) disqualifying class counsel from representing the class in this action and (ii) enjoining them from directly or indirectly representing or seeking to represent in any action the same or substantially similar class as the class that was certified in this case.  Several of the grounds that warrant an inadequacy finding also warrant disqualification.  *Apple Computer, Inc. v. Super. Ct.*, 126 Cal. App. 4th 1253, 1267 (2005) ("[C]onflicts that preclude class certification may also support disqualification."); *Shields v. Valley Nat'l Bank of Ariz.*, 56 F.R.D. 448, 449 (D. Ariz. 1971).

*First*, class counsel's misrepresentations and role in manufacturing Plaintiff's claim implicate Rule of Professional Conduct ("RPC") 3.3, requiring candor to the tribunal.  RPC 3.3.  *Second*, class counsel's status as material fact witnesses warrants disqualification from representing the class.  *Poynter*, 2017 WL 2779489, at *12; *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48 (M.D.N.C. 1976).  Under RPC 3.7, "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness" unless an enumerated exception applies—none of which apply here.  *Third*, class counsel's conflicts with the class and each other warrant disqualification.  RPC 1.7(a)(2).  *Fourth*, class counsel's conflicts with each other and their untenable working relationship warrant disqualification.  *See Ballew v. City of Pasadena*, 2020 WL 4919384, at *2 (C.D. Cal. Apr. 13, 2020).

## IV.    CONCLUSION

For the foregoing reasons, Robinhood respectfully requests that the Court decertify the class and disqualify all class counsel in this and future actions.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 25th day of June, 2021.

Davis Wright Tremaine LLP
Attorneys for Defendant

*s/ Lauren B. Rainwater*
Kenneth E. Payson, WSBA #26369
Lauren B. Rainwater, WSBA #43625
Eric A. Franz, WSBA #52755
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
E-mail: KennethPayson@dwt.com
           LaurenRainwater@dwt.com
           EricFranz@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on this day I caused to be electronically filed the

3  foregoing with the Clerk of the Court using the CM/ECF system, which will send

4  notification of such filing to those attorneys of record registered on the CM/ECF

5  system.

6      DATED this 25th day of June, 2021.

7                                          Davis Wright Tremaine LLP
                                           Attorneys for Defendant
8

9                                          *s/ Lauren B. Rainwater*
                                           Lauren B. Rainwater, WSBA #43625
10

11

12

13

14

15

16

17

18

19

20

21

22

23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax