UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>                      Plaintiff,<br><br>   v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company,<br><br>                      Defendant. | NO. 2:19-CV-0390-TOR<br><br>ORDER ON PENDING MOTIONS |

BEFORE THE COURT are Brian Cameron's Motion to Intervene to File Motion to Quash or Modify Subpoena or, Alternatively, Motion for Protective Order Regarding Subpoena (ECF No. 122); Brian Cameron's Motion to Modify Subpoena Duces Tecum and for FRE 502(d) Non-Waiver or Alternatively, Grant Protective Order (ECF No. 124); Ewan Cameron's Motion to Quash/Modify (ECF No. 125); John Cameron's Motion to Quash/Modify Subpoena (ECF No. 126); Non-Party Nathan Budke's Motion to Quash or Modify Defendant's Subpoenas to

ORDER ON PENDING MOTIONS ~ 1

1 | Nathan Budke (ECF No. 127); Non-Party Nathan Budke's Motion to Intervene and
2 | Quash or Modify Defendant's Subpoena to AT&T (ECF No. 128); Plaintiff's
3 | Motion to Modify Subpoena Duces Tecum and for FRE 502(d) Non-Waiver or
4 | Alternatively, Grant Protective Order (ECF No. 129); Motion to Withdraw as
5 | Attorney (ECF No. 131); Motion to Withdraw Isaac Gordon as Class
6 | Representative (ECF No. 133); Motion to Expedite BMPC's Motion to Withdraw
7 | (ECF No. 138); Defendant's Motion to Compel Subpoena Compliance of Ewan
8 | Cameron (ECF No. 140); Defendant's Motion to Compel Subpoena Compliance of
9 | Nathan Budke (ECF No. 146); Defendant's Motion to Compel Subpoena
10 | Compliance of John Cameron (ECF No. 147); Motion to Decertify Class and
11 | Disqualify Class Counsel (ECF No. 172); and the Combined Motion for Protective
12 | Order (ECF No. 208).
13 | These matters were submitted for consideration without oral argument.
14 | Pursuant to LCivR 7(i)(3)(B)(iii) the Court finds that oral argument is unnecessary
15 | and strikes the telephonic hearing scheduled September 2, 2021. The Court has
16 | reviewed the record and files herein, the completed briefing, and is fully informed.

17 | **BACKGROUND**

18 | This case concerns the "Refer a Friend" ("RAF") marketing feature from
19 | Defendant's online investment brokerage application, which Plaintiff alleges
20 | violates the Washington Consumer Protection Act ("CPA") by way of the

1   Washington Commercial Electronic Mail Act ("CEMA").  The factual background

2   is set forth in the Court's Order Granting Class Certification.  ECF No. 72.

3        On January 25, 2021, the Court granted Plaintiff's Motion for Class

4   Certification.  ECF No. 72.  The Court appointed Isaac Gordon as the Class

5   Representative.  *Id*.  The Court appointed Kirk D. Miller of Kirk D. Miller, P.S. as

6   Class Counsel.  *Id*.  Brian G. Cameron and Shayne J. Sutherland of Cameron

7   Sutherland, PLLC were also appointed as Co-Class Counsel.  *Id*.

8        On February 24, 2021, the Court granted the applications of E. Michelle

9   Drake and Sophia M. Rios of Berger Montague PC to appear pro hac vice for

10  Plaintiff.  ECF No. 84.  On March 11, 2021, the Court appointed E. Michelle

11  Drake as co-class counsel.  ECF No. 97.  On April 27, 2021, the Court granted the

12  parties' Joint Proposed Class Notice Plan and Stipulated Motion to Expedite.  ECF

13  No. 106.

14       On May 11, 2021, Defendant filed a Motion to Seal, Motion to Stay, and

15  Stipulated Motion to Expedite Motion to Stay and for a Briefing Schedule.  ECF

16  Nos. 107, 111, 115.  Defendant raised allegations that the lawsuit was orchestrated

17  by the transmittal of a text message by class co-counsel's brother John Cameron.

18  *See* ECF No. 172 at 9-11.  Defendant also alleges that class co-counsel's son's

19  friend (Nathan Budke) also sent a text message to Plaintiff.  *Id*.  However, Plaintiff

20  contends his suit hinges on only one text message sent on July 24, 2019.  *See* First

Amended Complaint, ECF No. 9 at ¶¶ 5.8—5.10.  Indeed, the FAC contains a screenshot of the text message, but the surrounding text messaging conversation is redacted.  When questioned who sent him the allegedly offending text message, Plaintiff swore under oath that he was "uncertain", that he was "uncertain" how they met, that he was "uncertain" as to their relationship, and was he was "uncertain" if Plaintiff provided his phone number.  ECF No. 108-4.  Class counsel electronically signed the answers to discovery as well.  *Id*.  Only after Defendant investigated further and filed its motion to stay with supporting allegations that the lawsuit was manufactured, did Plaintiff amend his answer to reveal that John Cameron sent the allegedly offending text message, that he met John Cameron in early January 2019 at a wine bar and restaurant that Plaintiff owned in downtown Spokane, that Plaintiff met John Cameron several times during regular business hours at his wine bar, that Plaintiff also played fantasy role-playing games and card games with John Cameron on several occasions between March 2019 and August 2019, that he has socialized with him thereafter, and that Plaintiff provided his phone number to John Cameron.  *See* ECF No. 119-1.

On May 26, 2021, the Court granted Defendant's Motions to Seal and Stay.  ECF No. 120.  In that Order, the Court stated that the proceeding, including all deadlines, class discovery, and class notice is stayed pending Defendant's discovery into these new allegations.  *See id.*

# DISCUSSION

## A. Motion to Withdraw Isaac Gordon as Class Representative

Plaintiff, Isaac Gordon seeks to withdraw as the only class representative in this case. ECF Nos. 133, 198 at ¶ 33. No one opposes his withdrawal. Additionally, serious issues have been raised as to consent and the role that class-counsel and his brother played in initiating the transmittal of the text message that forms the basis of Plaintiff's suit. Further, the stripping of the surrounding text messages and deceptive answers to discovery provide additional grounds to disqualify Plaintiff as class representative. Accordingly, Isaac Gordon is removed as the class representative.

## B. Motion to Decertify Class and Disqualify Class Counsel

Defendant seeks to decertify the class. ECF No. 172. Class counsel do not oppose decertification. ECF Nos. 199 at 2, 207 at 1. Additionally, serious issues have been raised that individualized inquiries will be necessary to determine the circumstances, relationship and consent (apparent or express) of each class member and the person who sent the text message. Additionally, the sender and class member may have profited from the transmittal of the text message. Accordingly, the Court hereby decertifies the class.

Defendant also seeks to disqualify class counsel from representing the class. ECF No. 172 at 31. Defendant contends four reasons support disqualification

without specifying which counsel are directly responsible; (1) class counsel's misrepresentations and role in manufacturing Plaintiff's claim, (2) class counsel's status as material fact witnesses, (3) class counsel's conflicts with the class and each other, and (4) class counsel's untenable working relationship. *Id*. Without a full evidentiary record with which to make adequate findings, the Court is hesitant to disqualify counsel at this time. Accordingly, the motion to disqualify is denied.

**C. Motion to Withdraw as Attorney**

E. Michelle Drake and Sophia M. Rios of Berger Montague PC seek to withdraw as counsel for Plaintiff Isaac Gordon. ECF No. 131. Plaintiff continues to be represented by local counsel, Kirk D. Miller of Kirk D. Miller, P.S., and Brian G. Cameron and Shayne J. Sutherland, of Cameron Sutherland, PLLC. Counsel represent that Mr. Gordon approves of their withdrawal and that withdrawal will not affect Berger Montague's willing participation in discovery related to Defendant's misconduct allegations.

Defendant opposes the motion to withdraw or in the alternative ask the Court to defer ruling until the motion to decertify and disqualify are filed. ECF No. 155.

The class has now been decertified. For good cause shown, E. Michelle Drake and Sophia M. Rios of Berger Montague PC's motion to withdraw as

counsel and class counsel is granted. The motion to expedite the same is denied as moot. ECF No. 138.

**D. *Sua Sponte* Consideration of Subject Matter Jurisdiction**

[I]t is well established that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (citation omitted); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citation omitted)). "[C]ourts must consider" challenges to subject matter jurisdiction "*sua sponte*." *Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019). "Tardy jurisdictional objections" occasion wasted court resources and "disturbingly disarm litigants." *Id*. (citation omitted).

The Ninth Circuit in *DeMartini v. DeMartini*, 964 F.3d 813, 818 (9th Cir. 2020) observed:

> . . . [28 U.S.C.] § 1447, which governs procedure after removal, provides two separate authorizations for a district court's remand of a removed case. First, § 1447(c) stipulates that:
>
> > A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal .... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.
>
> *Id*. § 1447(c). In other words, the district court may remand to state court only upon timely motion, unless there appears to be a defect in

ORDER ON PENDING MOTIONS ~ 7

subject-matter jurisdiction, in which case the court must remand no matter the stage of the proceedings.

*See also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007).

The basis for this Court's jurisdiction was that this class action concerned an amount in controversy exceeding $5,000,000 thereby invoking 28 U.S.C. § 1332(d). *See* ECF No. 35 at 3. This matter is no longer a class action and the amount at issue does not exceed $5,000,000. Even if the Court were to invoke the basic diversity of citizenship statute as to Plaintiff's single allegation of a violation of CEMA, subject matter jurisdiction fails because Plaintiff Isaac Gordon's damages do not exceed $75,000. *See* 28 U.S.C. § 1332(a).

Accordingly, this matter must be remanded back to the State Court.

**E. Remaining Motions**

All remaining motions concern discovery in this matter. Because this Court no longer has subject matter jurisdiction, all remaining motions are denied as moot. The State Court is now the forum to decide those issues.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The telephonic hearing scheduled September 2, 2021 is **STRICKEN**.
2. Brian Cameron's Motion to Intervene to File Motion to Quash or Modify Subpoena or, Alternatively, Motion for Protective Order Regarding Subpoena (ECF No. 122) is **DENIED as moot**.

3. Brian Cameron's Motion to Modify Subpoena Duces Tecum and for FRE 502(d) Non-Waiver or Alternatively, Grant Protective Order (ECF No. 124) is **DENIED as moot.**

4. Ewan Cameron's Motion to Quash/Modify (ECF No. 125) is **DENIED as moot.**

5. John Cameron's Motion to Quash/Modify Subpoena (ECF No. 126) is **DENIED as moot.**

6. Non-Party Nathan Budke's Motion to Quash or Modify Defendant's Subpoenas to Nathan Budke (ECF No. 127) is **DENIED as moot.**

7. Non-Party Nathan Budke's Motion to Intervene and Quash or Modify Defendant's Subpoena to AT&T (ECF No. 128) is **DENIED as moot**.

8. Plaintiff's Motion to Modify Subpoena Duces Tecum and for FRE 502(d) Non-Waiver or Alternatively, Grant Protective Order (ECF No. 129) is **DENIED as moot.**

9. Berger Montague's Motion to Withdraw as Attorney (ECF No. 131) is **GRANTED**.

10. Plaintiff's Motion to Withdraw Isaac Gordon as Class Representative (ECF No. 133) is **GRANTED**.

11. Plaintiff's Motion to Expedite BMPC's Motion to Withdraw (ECF No. 138) is **DENIED** as moot.

12. Defendant's Motion to Compel Subpoena Compliance of Ewan Cameron (ECF No. 140) is **DENIED as moot.**

13. Defendant's Motion to Compel Subpoena Compliance of Nathan Budke (ECF No. 146) is **DENIED as moot.**

14. Defendant's Motion to Compel Subpoena Compliance of John Cameron (ECF No. 147) is **DENIED as moot.**

15. Defendant's Motion to Decertify Class and Disqualify Class Counsel (ECF No. 172) is **GRANTED** in part.

16. The Combined Motion for Protective Order (ECF No. 208) is **DENIED as moot**.

17. Pursuant to 28 U.S.C. § 1447(c), this matter is **REMANDED** to the Spokane County Superior Court for all further proceedings (former Spokane County Superior Court Cause No. 19-2-04574-32).

The District Court Executive is directed to enter this Order, furnish copies to counsel, mail a certified copy of this Order to the Clerk of the Spokane County Superior Court, and **CLOSE** the file.

DATED July 27, 2021.



THOMAS O. RICE
United States District Judge

ORDER ON PENDING MOTIONS ~ 10