UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　　Defendant. | NO. 2:19-CV-0390-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION AND GRANTING MOTION TO EXPEDITE |

BEFORE THE COURT are Defendant's Motion for Partial Reconsideration (ECF No. 214) and Defendant's Motion to Expedite (ECF No. 215). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion for Partial Reconsideration (ECF No. 214) is **DENIED** and Defendant's Motion to Expedite (ECF No. 215) is **GRANTED**.

//

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION AND GRANTING MOTION TO EXPEDITE ~ 1

## BACKGROUND

This case concerns the "Refer a Friend" ("RAF") marketing feature from Defendant's online investment brokerage application, which Plaintiff alleges violates the Washington Consumer Protection Act ("CPA") by way of the Washington Commercial Electronic Mail Act ("CEMA"). The factual background is set forth in the Court's Order Granting Class Certification. ECF No. 72.

On January 25, 2021, the Court granted Plaintiff's Motion for Class Certification. ECF No. 72. The Court appointed Isaac Gordon as the Class Representative. *Id*. The Court appointed Kirk D. Miller of Kirk D. Miller, P.S. as Class Counsel. *Id*. Brian G. Cameron and Shayne J. Sutherland of Cameron Sutherland, PLLC were also appointed as Co-Class Counsel. *Id*.

On February 24, 2021, the Court granted the applications of E. Michelle Drake and Sophia M. Rios of Berger Montague PC to appear pro hac vice for Plaintiff. ECF No. 84. On March 11, 2021, the Court appointed E. Michelle Drake as co-class counsel. ECF No. 97. On April 27, 2021, the Court granted the parties' Joint Proposed Class Notice Plan and Stipulated Motion to Expedite. ECF No. 106.

On May 11, 2021, Defendant filed a Motion to Seal, Motion to Stay, and Stipulated Motion to Expedite Motion to Stay and for a Briefing Schedule. ECF Nos. 107, 111, 115. Defendant raised allegations that the lawsuit was orchestrated

1  by the transmittal of a text message by class co-counsel's brother John Cameron.

2  *See* ECF No. 172 at 9-11.  Defendant also alleges that class co-counsel's son's

3  friend (Nathan Budke) also sent a text message to Plaintiff.  *Id*.  However, Plaintiff

4  contends his suit hinges on only one text message sent on July 24, 2019.  *See* First

5  Amended Complaint, ECF No. 9 at ¶¶ 5.8—5.10.  Indeed, the FAC contains a

6  screenshot of the text message, but the surrounding text messaging conversation is

7  redacted.  When questioned who sent him the allegedly offending text message,

8  Plaintiff swore under oath that he was "uncertain", that he was "uncertain" how

9  they met, that he was "uncertain" as to their relationship, and was he was

10  "uncertain" if Plaintiff provided his phone number.  ECF No. 108-4.  Class counsel

11  electronically signed the answers to discovery as well.  *Id*.  Only after Defendant

12  investigated further and filed its motion to stay with supporting allegations that the

13  lawsuit was manufactured, did Plaintiff amend his answer to reveal that John

14  Cameron sent the allegedly offending text message, that he met John Cameron in

15  early January 2019 at a wine bar and restaurant that Plaintiff owned in downtown

16  Spokane, that Plaintiff met John Cameron several times during regular business

17  hours at his wine bar, that Plaintiff also played fantasy role-playing games and card

18  games with John Cameron on several occasions between March 2019 and August

19  2019, that he has socialized with him thereafter, and that Plaintiff provided his

20  phone number to John Cameron.  *See* ECF No. 119-1.

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION AND GRANTING MOTION TO EXPEDITE ~ 3

1   On May 26, 2021, the Court granted Defendant's Motions to Seal and Stay. ECF No. 120.  In that Order, the Court stated that the proceeding, including all deadlines, class discovery, and class notice is stayed pending Defendant's discovery into these new allegations.  *See id.*  Following that Order, the parties engaged in extensive motion practice, including Defendant's motion for decertification.  *See generally* ECF Nos. 122-208.  On July 27, 2021, the Court ruled on the pending motions.  ECF No. 212.  In that Order, the Court granted Plaintiff's unopposed motion to withdraw as class representative, granted Defendant's unopposed motion for decertification, denied Defendant's motion to disqualify class counsel, granted E. Michelle Drake and Sophia M. Rios's motion to withdraw as class counsel for Plaintiff, denied as moot the remaining discovery motions, and remanded the case back to State Court due to the one remaining state law claim for $500 on the grounds that the Court had no subject matter jurisdiction.  *Id.*  Following that Order, Defendant filed the present motions.  ECF Nos. 214, 215.  The parties timely filed their respective response and reply.  ECF Nos. 216, 217.

## DISCUSSION

**A. Motion for Reconsideration Standard**

Motions for reconsideration are generally disfavored.  "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2)

committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263.

### B. Remand Following Decertification

Defendant moves for partial reconsideration of the Court's prior order that remanded the case on the grounds that the Court maintained subject matter jurisdiction under Ninth Circuit law interpreting the Class Action Fairness Act ("CAFA"). ECF No. 214 at 3. Plaintiff argues that the case no longer belongs in federal court or in the alternative, Plaintiff seeks leave to amend to remove all class allegations. ECF No. 216 at 3.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). In 2010, the Ninth Circuit held that under CAFA, "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied*

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL
RECONSIDERATION AND GRANTING MOTION TO EXPEDITE ~ 5

*Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010).  In that case, however, the Court noted that there are exceptions to this rule, "such as when a case becomes moot in the course of litigation or when there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start."  *Id.* at 1092, n.3 (internal citation omitted).

Defendant relies on *United Steel* and its stated proposition that a class action, "once properly removed, stays removed."  ECF No. 214 at 4 (citing *United Steel*, 602 F.3d at 1091).  However, the Ninth Circuit has since walked back this general rule: "Taken at face value, the stated maxim proves too much: It squarely contradicts the statutory language, which provides for remand of CAFA actions on (mostly) the same terms as any other case removed to federal court."  *Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196-97 (9th Cir. 2016).  The primary concern in *United Steel* was "thwarting jurisdictional ping-pong game[s] in which parties lob a case back and forth between federal and state courts as post-filing developments occur."  *Id.* at 1197 (citing *United Steel*, 602 F.3d at 1090) (internal quotation marks omitted).

Here, this case was in a procedural posture that is distinguishable from *United Steel*, in that questions were raised as to whether the Court has, or ever had, jurisdiction.  Defendant argues that the case was fraudulent from the outset but that this Court nonetheless has subject matter jurisdiction over such fraudulent claims.

*See* ECF No. 214. Defendant cannot have it both ways. Such fraudulent activities that the Court expressed concern over, ECF No. 212 at 5, makes the initiation of this action frivolous from the start. *United Steel*, 602 F.3d at 1092, n.3. Moreover, this case is essentially moot where the class is decertified, Plaintiff has withdrawn as class representative, and Defendant asserts that Plaintiff may move for voluntary dismissal. *Id.* Under these circumstances, there is no risk of jurisdictional ping-pong because "this rally has concluded." *Polo*, 833 F.3d at 1197. The Court finds it has not committed clear error or made a decision that is manifestly unjust. Therefore, Defendant's motion for partial reconsideration is denied.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Partial Reconsideration (ECF No. 214) is **DENIED**.

2. For good cause shown, Defendant's Motion to Expedite (ECF No. 215) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **CLOSED**.

DATED July 30, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION AND GRANTING MOTION TO EXPEDITE ~ 7