UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ISAAC GORDON, an individual, and all those similarly situated,<br><br>       Plaintiff,<br><br>  v.<br><br>ROBINHOOD FINANCIAL, LLC, a Delaware limited liability company,<br><br>       Defendant. | NO. 2:19-CV-0390-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION |

  BEFORE THE COURT are Plaintiff's Motion for Clarification and/or Modification of the Court's July 30, 2021, Order (ECF No. 219), Plaintiff's Motion to Expedite (ECF No. 221), and Non-Party Nathan Budke's Joinder in Plaintiff's Motion (ECF No. 224). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed.

  Pursuant to Federal Rule of Civil Procedure 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is

ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION ~ 1

found in a judgment, order, or other part of the record." This rule "allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012). "[T]his broad rule does not allow a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.'" *Id*. at 1080 (citations omitted).

Here, Plaintiff asks the Court to clarify that statements made in the Order on the motion for partial reconsideration were dicta rather than "findings of law". ECF No. 219. Reading this Court's entire Orders at ECF Nos. 212 and 218, in context, leaves no doubt about the Court's determination. The following allegations were uncontested:

> Defendant raised allegations that the lawsuit was orchestrated by the transmittal of a text message by class co-counsel's brother John Cameron. *See* ECF No. 172 at 9-11. . . . Plaintiff contends his suit hinges on only one text message sent on July 24, 2019. *See* First Amended Complaint, ECF No. 9 at ¶¶ 5.8—5.10. Indeed, the FAC contains a screenshot of the text message, but the surrounding text messaging conversation is redacted. When questioned who sent him the allegedly offending text message, Plaintiff swore under oath that he was "uncertain", that he was "uncertain" how they met, that he was "uncertain" as to their relationship, and was he was "uncertain" if Plaintiff provided his phone number. ECF No. 108-4. Class counsel electronically signed the answers to discovery as well. *Id*. Only after Defendant investigated further and filed its motion to stay with supporting allegations that the lawsuit was manufactured, did Plaintiff

amend his answer to reveal that John Cameron sent the allegedly offending text message, that he met John Cameron in early January 2019 at a wine bar and restaurant that Plaintiff owned in downtown Spokane, that Plaintiff met John Cameron several times during regular business hours at his wine bar, that Plaintiff also played fantasy role-playing games and card games with John Cameron on several occasions between March 2019 and August 2019, that he has socialized with him thereafter, and that Plaintiff provided his phone number to John Cameron. *See* ECF No. 119-1.

ECF No. 218 at 2-3. In denying continuing jurisdiction under CAFA, this Court expressed that these activities make the initiation of this action frivolous from the start. *Id.* at 7. Moreover, the CAFA suit was essentially moot at this point. *Id.* Further clarification is denied.

Non-Party Nathan Budke does not have standing to file a motion for clarification or modification. *See Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438 (9th Cir. 1987) (non-party "lacked standing to make the motion and, therefore, also lacks standing to maintain this appeal."). Accordingly, his motion is stricken.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Clarification and/or Modification of the Court's July 30, 2021, Order (ECF No. 219) is **DENIED**.

2. Plaintiff's Motion to Expedite (ECF No. 221) is **GRANTED**.

3. Non-Party Nathan Budke's Joinder in Plaintiff's Motion (ECF No. 224) is **STRICKEN**.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **CLOSED**.

DATED October 19, 2021.



THOMAS O. RICE
United States District Judge